CASE 26—PETITION ORDINARY—JANUARY 2.

# Barbaroux vs. Waters.

APPEAL FROM JEFFERSON COUNTY COURT.

A drawer of an accommodation bill of exchange, at whose request and for whose benefit it was accepted and endorsed, and who received its proceeds, is not entitled to notice of the protest of the bill for non-payment; no presentment for payment is necessary to fix his liability.

*Quere.* Where the allegation in an action against the drawer of a bill of exchange is that it was "duly presented for payment, and not being paid was duly protested for non-payment, notice of which was duly given to the drawers and endorsers," should evidence, not objected to, that it was an accommodation bill, accepted at the request and for the benefit of the drawer, who received its proceeds, be disregarded as irrelevant to the issue made by the pleadings?

Bill of exchange, payable at the Ohio Insurance Company, New Albany, (a bank.) It is shown by the protest that on the day of payment the notary "did, after the close of bank hours, present said draft to the secretary of the Ohio Insurance Company at New Albany, payment of which by him was refused. Whereupon" the draft was protested for non-payment. *Held* sufficient evidence that the bill was duly presented for payment.

In the case, *supra*, although the protest does not state *in terms* that the bill was presented *at* the office of the Ohio Insurance Company, the statement therein made must be regarded as equivalent.

A presentment of a bill of exchange at a bank where it is payable is sufficient, *although it be made after banking hours*, where the regular officer and organ of the bank in the transaction of its business refuses payment, and the refusal is not made because the demand was too late.

BALLARD & McDOWELL, for appellant, cited 1 *J. J. Mar.*, 606; 2 *Bibb*, 33; 1 *J. J. Mar.*, 319; *Ib.*, 52; 2 *Hill*, 637; 15 *Barb.*, 331; 1 *Starkie's rep.*, 475; 15 *Maine*, 67; 7 *Howard*, (*Miss.*,) 448; 2 *Smedes & Marshall*, 227; 2 *Chitty rep.*, 124; 5 *Howard* (*Miss.*,) 406; 6 *Ib.*, 484; 15 *Barb.*, 326; *Hardin*, 362; 1 *Litt.*, 365; 3 *Snead* (*Tenn.*,) 548; 7 *Mon.*, 577; 2 *B. Mon.*, 262; 10 *Ib.*, 64; *Story on Bills, sec.* 277, *note*; *Ib.*, 328; *Ib., sec.* 349; *Parsons on Contracts*, 229.

E. S. WORTHINGTON, for appellee, cited 1 *Mon.*, 117, 118; *Litt. Sel. Cases*, 269; 1 *J. J. Mar.*, 488–9; 5 *Dana*, 509; 6 *Ib.*, 90; 4 *B. Mon.*, 577; 13 *Ib.*, 439; 9 *B. Mon.*, 189; 1 *J. J. Mar.*, 75; *Story on Bills, sections* 328, 349; *Byles on Bills*, 166, 167, 2 *Litt.*, 185; *Byles on Bills*, 205; 7 *Mon.*, 579; 10 *B. Mon.*, 65.

Barbaroux vs. Waters.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Waters, as the assignee of Holbrook, sued Barbaroux on a note. The defendant answered, alleging that before he had notice of the assignment of the note sued on, the plaintiff's assignor was *indebted* to him in the sum of $785 35, by a bill of exchange, of which said assignor was one of the drawers and indorsers, accepted by Williamson, and payable at the Ohio Insurance Company, New Albany, and which had been indorsed to the defendant ; that the bill was duly presented for payment, and not being paid, was duly protested for non-payment, notice of which was duly given to the drawers and indorsers ; that no part of said debt had been paid, and it is asked to be set-off against the plaintiff's demand.

To this answer the plaintiff replied, in substance, that "he had no knowledge or information sufficient to form a belief that the bill set up in the answer was duly presented for payment, or duly protested for non-payment."

The court, to whom the law and facts were submitted by consent, rendered a judgment for the plaintiff, disallowing the set-off, and the defendant has appealed.

It was proved on the trial, without objection, that the bill of exchange in question was an accommodation bill, accepted and indorsed at the request of and for the benefit of Holbrook, and that he received the proceeds. There is nothing in the record to contradict these facts, and it follows that Holbrook was not entitled to notice of the protest of the bill, and that no presentment for payment was necessary to fix his liability as drawer. It is said, however, that this evidence, although not excepted to, should have been disregarded by the court, because it was irrelevant to the issue made by the pleadings, the answer containing no averment of the facts so proved ; and in support of this view the cases of *Clarke vs. Castleman,* (1 *J. J. Marsh.,*) and *Frazier vs. Harvie,* (2 *Litt.,* 185,) are cited. It may be well questioned whether the rule established by those cases has not been essentially modified, if not abrogated, by the provisions of the Civil Code relating to mistakes and amendments in pleadings. (*Sections* 156 *to* 166, *inclusive.*)

Waiving, however, any decision of this point, we proceed to consider, briefly, the question upon which the case must turn, and that is, whether the bill was duly presented for payment.

The bill was made payable, as we have seen, at the "Ohio Insurance Company, at New Albany." There was some proof tending to show that this institution was a bank, and we may concede the fact to be sufficiently proved. It is shown by the protest, which was read in evidence, and which was all the evidence relating to the presentment, that on the day of payment the notary "did, after the close of bank hours, present said draft to the secretary of the Ohio Insurance Company, at New Albany, payment of which, *by him*, was refused. Whereupon" the draft was protested for non-payment.

That the demand is sufficiently proved to have been made at the *place* of payment admits of no doubt. It is true the notary does not state, *in terms*, that the bill was presented *at* the office of the Ohio Insurance Company, but he states that which, by any reasonable intendment, must be regarded as equivalent. Any other inference from the facts stated in the protest would be forced and unnatural.

But was the presentment made within the proper time? It is insisted that it was not, because the protest shows that the bill was presented "*after the close of bank hours.*"

The argument in support of this objection to the sufficiency of the presentment is founded upon the general rule, as stated by Story, that "if the bill is payable at a banker's it should be presented there within the usual banking hours." (*Story on Bills*, sections 328, 349.)

But an examination of the authorities, and especially of those cited by the learned author himself, will show that the rule is inaccurately stated. In the case, for instance, of *Parker vs. Gordon*, (7 *East.*, 385,) the facts were, that the bill was presented at the banker's shop, but not until past six o'clock in the evening, "after the usual banking hours, *when the shop was shut, and the clerks gone away.*" And upon these facts the presentment was held by Lord Ellenborough insufficient.

The case of *Garnett vs. Woodcock*, (1 *Starkie R.*, 476,) also cited in support of the principle stated in the text, falls still farther short of doing so. In that case it appears that "though the presentment was out of banking hours, there was a person stationed for returning an answer, and an answer was returned, the same as would have been if the presentment had been made within the hours of business. The answer was, not that the party came too late, but that there were *no orders.* The object of the presentment was completed," and it was therefore held effectual.

The more reasonable and consistent doctrine deducible from the numerous adjudged cases on this subject is thus stated by Mr. Chitty : "When a bill is accepted, payable at a banker's, it must be presented there before five o'clock, *or the usual hour of shutting up their shop;* and presentment afterwards will not entitle the notary to protest it. And no inference is to be drawn from the circumstance of the bill being presented by a notary in the evening, that it had before been duly presented within the banking hours. However, a presentment of a bil at a banker's where it is payable, is sufficient, *although it be made after banking hours*, provided a person be stationed there by the banker to return answers, and he refuses to pay the bill. And when the party to the bill or note is not a banker, a presentment at any time, not during the hours of rest, however late in the evening, will, in general, suffice. And in a recent case it was decided that a presentment between eight and nine o'clock in the evening, at the house of a trader or merchant, is quite sufficient, and this, although no person was there to give an answer."

In *Flint vs. Rogers*, (15 *Maine reports*, 69,) it appears that on the day of payment, *but after banking hours*, the bill was placed in the hands of a notary, who demanded it at the bank, when payment was refused by the cashier—the acceptors having no funds there. It was held that "the law requiring a demand is satisfied, if the draft was in the bank, or was demanded there, on the day when it fell due. The objection is that the demand was not seasonable, not having been made on that day in banking hours. But the cashier, whose duty it is to attend to

business of this sort, remaining there, and having returned a negative answer, and it appearing that the acceptors had provided no funds, we hold the demand to have been sufficient." After referring to the case of *Garnett vs. Woodcock*, the judge who delivered the opinion proceeds: "Bayley, in his text, says, no objection can be made to a presentment at a banker's at an unseasonable hour, if the banker, or any agent in his behalf, is there at the time of such presentment. And he adopts that principle as decided in the case cited from *Starkie*, to which he refers. (*Bayley on Bills*, 137.) There the answer was given by a boy. Here, the demand was made on the day at the bank, upon the cashier, its regular officer and organ, in the transaction of its business."

To the same effect is the case of the *Commercial and Railroad Bank vs. Hamer, &c.*, (7 *Howard Miss. rep.*, 448,) and the authorities there cited.

In the case before us the presentment was made, as we have already seen, on the day, at the bank, upon the secretary of the institution, who must be presumed to have been "its regular officer and organ, in the transaction of its business," and who refused payment, not because the demand was made too late, but, as must be assumed upon all the facts of the case, because there were no funds.

In view of the authorities which have been referred to, we cannot hesitate to decide that the presentment is sufficient, and that the drawers should have been held liable upon the bill.

The judgment is therefore reversed, and the cause remanded for a new trial, and for further proceedings in conformity with the principles of this opinion.