LUCY A. DAVIS, administratrix, *vs.* WILLIAM THOMPSON.

Hampden.   Sept. 29. — Oct. 4, 1875.   AMES & DEVENS, JJ., absent.

Under an agreement by the mortgagee of land that his note, held by the mortgagor and an account which the mortgagor has against him, shall be applied towards payment of the mortgage debt, such items are to be applied as payment *pro tanto*, in a writ of entry to foreclose the mortgage, if nothing has intervened since the agreement was made to prevent such application.

Where, in a writ of entry to foreclose a mortgage, the tenant sets up an agreement of the mortgagee that his note and items of account by the tenant against him shall be applied towards payment of the mortgage debt, the demandant cannot reduce the tenant's claims by proof that bills for counter claims, which are not proved at the trial, were presented for payment to the tenant, who denies his indebtedness thereon.

WRIT OF ENTRY, dated February 27, 1871, by the administratrix of Amasa Davis,. to foreclose a mortgage of land in Palmer. Plea, *nul disseisin*, with a specification of defence that the conditions of the mortgage had been fully performed; that the demandant's intestate made a promissory note for $100, with interest, dated January 16, 1860, payable on demand to Joseph Thompson or bearer, of which the tenant became bearer, and which the demandant's intestate agreed should be applied in pay-

ment of the mortgage debt, and that the demandant was indebted to the tenant for certain items of account for goods sold and delivered.

The replication denied the alleged agreement, and the tenant's right to set off said note or account, as matter of law, they being independent causes of action and subject to separate defences.

At the trial in the Superior Court, before *Brigham*, C. J., without a jury, the only matter in issue between the parties was the amount due upon the mortgage, in relation to which conditional judgment should be entered. The judge found that there was due to the estate of Amasa Davis, on the mortgage declared on, the sum of $250, unless that sum ought to be reduced in consideration of certain facts alleged by the tenant in his specification of defence ; that the tenant became, in May, 1865, the bearer and holder of the promissory note above stated ; that Amasa Davis never paid any part of the principal or interest of said note, and that he agreed with the tenant, in May, 1865, that he would allow and apply the amount of said note in payment of the same amount of the debt secured by said mortgage ; that the tenant, in the years 1866 and 1869, sold and delivered to Amasa Davis flour and codfish of the value of $66, including interest on the prices from the time of their sale and delivery, and it was agreed between Amasa Davis and the tenant that the price of provisions thus furnished by the tenant, should, as furnished, be allowed and applied by Amasa Davis, in payment, to the amount of their prices, of the debt secured by the mortgage ; but in fact, neither the amount of the note nor the amount of the goods sold were ever allowed or applied in payment of the debt secured by said mortgage, by any accounting together of the tenant and Amasa Davis, or by any separate act of the latter.

The demandant contended, and the tenant admitted, that bills for medical attendance in favor of the demandant's intestate, not filed in this case, had been presented to him for payment; but the tenant denied his indebtedness upon such bills.

The judge found, that upon the allowance and application of these sums, amounting together to more than the sum of $250, in payment of the debt secured by the mortgage, there would be now nothing due to the demandant on said mortgage, and such allowance and application being rejected, there would now be due to the demandant on the mortgage the sum of $250.

Upon the foregoing facts, the judge ruled that the demandant was not entitled to recover and hold possession of the demanded premises, for a breach of the condition of the mortgage declared on ; that there was not due to the demandant on the mortgage the sum of $250 ; that in equity, good conscience and law, there was nothing due to her on the mortgage ; and thereupon the judge found for the tenant, having first, upon inquiry and finding of the facts stated, determined that there was nothing due to the demandant on the mortgage, and refused to order conditional judgment for the sum of $250, as the demandant requested, and ordered judgment for the tenant. The demandant alleged exceptions.

*J. G. Allen*, for the demandant.

*C. L. Gardner*, for the tenant.

WELLS, J. The court below has found that it was agreed by the demandant's intestate that his note, held by the tenant, as well as the tenant's account against him, should be applied towards payment of the mortgage debt. This finding of fact is final. The only question here is one of law ; to wit, whether such an agreement can be made effectual in a suit to foreclose the mortgage.

The agreement is executory, it is true, and does not work an absolute payment and discharge, *pro tanto*, of the debt. *Cary* v. *Bancroft*, 14 Pick. 315. *Sherer* v. *Collins*, 106 Mass. 417. But it may be treated in equity as payment, if nothing has intervened to prevent the application of one towards the extinguishment of the other debt, since the agreement was made. Such an application was made in a bill to redeem in the case of *Doody* v. *Pierce*, 9 Allen, 141. The amount that is due on the mortgage is to be ascertained and determined by the court in a writ of entry to foreclose in the same manner as in a bill in equity to redeem. Gen. Sts. *c.* 140, §§ 5, 25.

If there were counter claims which ought to reduce the demands of the tenant, by way of set-off or otherwise, they should have been proved at the trial. That the demandant had presented bills, and made such claims, availed nothing. There having been no error in law in the court below, the exceptions must be *Overruled.*