## Hannah M. Hood *vs.* Davis F. Adams.

Essex. Nov. 8, 1877. — June 28, 1878. Morton & Soule, JJ., absent.

If a mortgagee of land sells it, in pursuance of a power contained in the mortgage, and buys it himself, in all respects complying with the power, for a larger sum than the amount of the mortgage note and the expenses of the sale, the note is thereby paid, and he cannot, by refusing to execute the deed, rescind the sale, and maintain an action on the note.

CONTRACT upon a promissory note for $800, dated December 20, 1877, signed by the defendant, payable to the plaintiff or order, and secured by a mortgage of real estate. Answer, payment in the manner following: The mortgage contained a power of sale in common form, authorizing the mortgagee, or any per-

son in her behalf, to purchase at the sale, and provided that no other purchaser should be answerable for the purchase money. The defendant, immediately after giving the mortgage, sold his equity of redemption in the mortgaged premises, and has never since had any interest therein, and his grantee also sold the same before the sale hereinafter alleged. The plaintiff placed the mortgage and note in the hands of an auctioneer, and directed him to sell the premises under the power of sale in the mortgage and to bid thereon for her the amount due on her note and all expenses of the sale. The auctioneer advertised the same for sale for breach of the condition of the mortgage, and, for the purpose of foreclosing the mortgage, sold the premises by public auction (in compliance with the terms thereof and of the instructions of the plaintiff) to the plaintiff's agent, for the full amount due on the note and all the expenses of the sale, which was the highest bid thereon. The advertisement and sale were in all respects pursuant to the power in the mortgage and lawful. Thereafter the plaintiff refused to sign the deeds prepared by the auctioneer, her agent, to convey the estate according to the terms of the sale, and fraudulently refused to apply the money, for which the same was sold to her, to the mortgage note, and claims the right to avoid the sale for thirty days thereafter.

At the trial in the Superior Court, before *Gardner*, J., the defendant offered to prove the allegations of his answer; and that the estate was struck off to James Silsbee in his own name, as agent for the plaintiff; that before the sale the plaintiff authorized Silsbee to purchase the estate in his own name, for the plaintiff, with a view to a conveyance to Silsbee and a simultaneous conveyance by him to the plaintiff; and that the plaintiff refused to execute the deeds and claimed to repudiate the sale three weeks afterwards.

The judge ruled that the allegations in the answer and the offer of proof, if proved, would not constitute payment of the note. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. E. Harmon*, for the defendant.

*A. Jones*, for the plaintiff.

ENDICOTT, J. As the court below ruled that the allegations of the answer and the facts offered in evidence at the trial

would not, if proved, show a payment of the note, we must assume the allegations of the answer and the facts offered in evidence to be true. We have therefore this case:

The plaintiff holds the note of the defendant, secured by a mortgage on real estate, which contains a power of sale in common form, with a provision that the mortgagee, or any person in her behalf, may purchase at the sale, and that no other purchaser shall be answerable for the application of the purchase money. The defendant sold his interest in the real estate soon after giving the mortgage. There having been a breach of condition, the plaintiff, for the purpose of foreclosure, caused the estate to be sold by public auction, and it was bid in by the plaintiff's agent, who was the highest bidder, for a sum equal to the amount due on the note and the expenses of the sale. The proceedings were in all respects pursuant to the power in the mortgage and lawful, which we understand to include all the forms of a binding contract of sale and purchase. It also appears that the agent was duly authorized to purchase the estate for the plaintiff, with a view to a conveyance by the plaintiff to the agent, and a simultaneous deed by him to the plaintiff. The deeds were prepared by the auctioneer, and the plaintiff refused to execute them, and, as the answer alleges, fraudulently refused to apply the money, for which she had sold the property, to the payment of the note in her hands. This was the condition of things, when this action was brought upon the note.

Upon these facts, it appears that, at a sale properly conducted, the property was in fact purchased by the mortgagee for a sum equal to the full amount of the debt secured by the mortgage. The question does not arise, what would be the rights of the defendant, if the sale had been to a third person, who without cause had refused to pay the money, and whom the plaintiff could have compelled to a specific performance of his contract. *Corder* v. *Morgan,* 18 Ves. 344. If a third party had purchased for the same amount, and paid the money to the plaintiff, who without any justifiable cause had refused to execute the necessary deeds, the case would have more nearly resembled this. Here the payment was completed; as mortgagee, the plaintiff could not institute proceedings against herself as purchaser to compel performance of the contract of sale, for the same hand

that was to receive the purchase money was to pay it, and in such case what the law requires to be done shall be presumed to have been done. *Ipswich Manuf. Co.* v. *Story*, 5 Met. 310. *Hazelton* v. *Valentine*, 113 Mass. 472. Nothing therefore remained to be done except the execution of the deeds, and this the plaintiff contends was absolutely essential to the completion of the power of sale, and that, the power not having been executed, she may recover on the note; in other words, all the proceedings at the sale may be treated as a nullity, binding on no one. But we are not of that opinion. Under the provision of the mortgage, permitting the mortgagee to purchase, the method first adopted or contemplated by the plaintiff for perfecting the record title in herself, by a conveyance through her agent to her, was a proper one; *Dexter* v. *Shepard*, 117 Mass. 480; and as by the deed the mortgagee was authorized to convey the estate directly to the purchaser, the plaintiff, having purchased by an agent, could properly have executed a deed directly to herself, which would have operated as an appointment, by the donee of the power, to her own use. *Hall* v. *Bliss*, 118 Mass. 554. Either course was open to the plaintiff when this action was brought, and whether she may now adopt either alternative, and complete the title in herself, it is not necessary in this case to decide. The only question here is, whether, being a trustee for sale, she can, as against the defendant, avoid the effect of the proceedings simply by refusing to execute the deeds.

A mortgagee selling under a power of sale is a trustee for sale, and is bound in all particulars to execute the trust with a due regard to the interests of the mortgagor, or of those having his estate in the premises, and also of those who are no longer owners of the estate, but are liable on the note, which the mortgage secures. *Montague* v. *Dawes*, 14 Allen, 369. *Dyer* v. *Shurtleff*, 112 Mass. 165. *Drinan* v. *Nichols*, 115 Mass. 353. If, by virtue of the power in the mortgage, the mortgagee becomes the purchaser, he is bound to carry out and complete his purchase to the same extent as any other purchaser. The proper performance of his duty as purchaser is as imperative upon him, as the proper performance of his duty as seller. The fact that he unites the two characters in his own person cannot give him any additiona. rights; on the contrary, he is held to a stricter accountability

when he undertakes to buy. As was said by Mr. Justice Wells in *Montague* v. *Dawes,* "when a party who is entrusted with a power to sell attempts also to become the purchaser, he will be held to the strictest good faith and the utmost diligence for the protection of the rights of his principal. If he fail in either, he ought not to be permitted thereby to acquire any irrevocable rights which he can set up against the party whose interests he has sacrificed." And this mortgagee cannot, by a refusal to perform a plain duty, compel this defendant to pay a note which would have been discharged if that duty had been performed. This is not the case of the non-execution of a power, but of the defective or incomplete execution of a power on the part of the mortgagee.

Such misconduct on the part of the plaintiff constitutes a substantial answer to her action. In *Howard* v. *Ames,* 3 Met. 308, the mortgage contained an authority to the mortgagee to sell the estate and apply the proceeds to the payment of the note. The mortgage was assigned to one Lothrop, who assigned it to the plaintiff after the maturity of the note. The plaintiff sold the estate by auction for a sum insufficient to pay the note, and brought his action against the defendant, who was the mortgagor, for the balance. The defendant was allowed to prove that Lothrop was the real owner of the note and mortgage at the time of the sale, and that he so managed the sale that the property brought less than it was worth, and that he did this in order to obtain an absolute title to the estate under its true value, while, if the sale had been made in good faith, the property would have sold for more than enough to pay the note. This was held to be a good defence to an action brought by the party to whom such mismanagement was justly to be imputed and to any other person standing in his place; and, in delivering the opinion, Chief Justice Shaw, after commenting upon the legal effect of the evidence, as a defence to the action, said: "It shows that it is the plaintiff's own fault that the debt is not fully paid." See also *Briggs* v. *Richmond,* 10 Pick. 391, 396 ; *Davis* v. *Thompson,* 118 Mass. 497.

We are therefore of opinion that the ruling at the trial was erroneous. *Exceptions sustained.*