## HANNAH M. HOOD *vs.* DAVIS F. ADAMS.

Essex.   Nov. 5, 1879. — Jan. 21, 1880.   COLT & AMES, JJ., absent.

In an action on a promissory note secured by a mortgage of real estate, it appeared that, at a sale by auction, under a power contained in the mortgage, the auctioneer purchased the estate for the plaintiff; and the only question for the jury was whether the auctioneer had authority to buy for the plaintiff. Two letters, written by the plaintiff to the auctioneer, were put in evidence, the first saying, "Please foreclose the mortgage as soon as convenient;" and the other, "I have been waiting for that money to pay the remainder of my taxes, and the interest is accumulating there too. So, if you will advertise the property as soon as possible, you will greatly oblige me." *Held,* that the two letters, construed together, contained no authority to the auctioneer to purchase the estate for the plaintiff.

On the issue whether a person authorized by a mortgagee to sell a mortgaged estate had authority to purchase the estate for the mortgagee, there were several letters between the parties, before and after the sale, put in evidence, and there was conflicting testimony of witnesses. *Held,* that the question was properly submitted to the jury.

CONTRACT upon a promissory note for $800, dated December 20, 1870, signed by the defendant, payable to the plaintiff, or order, and secured by a mortgage of real estate. Answer, a payment of the note by virtue of the purchase, by the plaintiff, through her agent, of the mortgaged estate at a sale under the

power contained in the mortgage, for the full amount of the note and all expenses. After the former decision, reported 124 Mass. 481, the case was tried in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

The only question for the jury was whether one Baker, the agent of the plaintiff to foreclose the mortgage, was authorized to purchase for her in the manner he did. Several letters, being the correspondence, before and after the sale, between the plaintiff and Baker relating to the matter, were put in evidence, one of which, dated December 3, 1875, written by the plaintiff, contained the following: "Please foreclose the mortgage as soon as convenient;" another, also written by her, dated December 29, contained the following: "A year's interest was due December 20, and it seems to me that sufficient forbearance has been exercised. I have been waiting for that money to pay the remainder of my taxes, and the interest is accumulating there too. So, if you will advertise the property as soon as possible, you will greatly oblige me."

The brother of the plaintiff testified that, prior to the sale, he went for her to Baker, and asked him if he had foreclosed the mortgage, as she wanted the money; that Baker said the sale was advertised and was to take place on a day named; and that the note amounted to about $900, and he, Baker, did not suppose the plaintiff wanted the estate to go for less than that amount; that the witness said he did not know anything about it, that his sister said she wanted the money; that Baker asked him, if he saw his sister before the sale, to ask her if she wanted the property sold for less than the amount of the note; that he replied that he had no authority, but thought that Baker had better not let it go for less than the full amount due; and that he did not see his sister afterwards, and had no more talk with Baker. The plaintiff also testified that she never had any talk with her brother about what should be bid for her, or what she would let the estate go for. Baker and his clerk, to whom the property was struck off as agent for the plaintiff, so as to make a title in her, by conveyance to him under the power and a reconveyance by him to her, testified to the above conversation with the plaintiff's brother; and that the brother called a few days afterwards, and said that his sister did not wish the property to go for less than

the amount of her claim. There was no other evidence of any communication between the plaintiff and Baker, and no evidence limiting or restricting any authority contained in the correspondence between them. The defendant did not contend that Baker was the plaintiff's general agent.

Baker further testified that several persons were present at the sale, and several bids were made by strangers to the title, one for $600 by a man of ample means; that, acting in good faith and with reasonable discretion, he bought the property for the plaintiff at the full amount of her claim; and that, when there were no bidders, it was not his custom to bid in the property without instructions. No question was made of Baker's good faith, or that he did not act according to his best judgment and discretion. Liberty was given the mortgagee to purchase in the power, which was in the usual form.

There was no other evidence upon the question of agency, excepting that the plaintiff testified that, in October 1875, she went to see Baker, and asked him to write to the defendant for the interest then due upon the note; that Baker asked her to see the defendant, which she did, and he refused to pay; that she told Baker she could not afford to lose her money, and Baker said, "Don't be afraid, you shall not lose it;" and that she had no one at the sale to bid on the property.

The defendant asked the judge to rule, among other things, that, "as matter of law, upon all the evidence, especially the correspondence, the agent was authorized to purchase the property for the plaintiff as he did." The judge declined so to rule; and ruled that the two letters, in themselves alone, did not give the agent such authority.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. E. Harmon,* for the defendant.

*A. Jones,* for the plaintiff.

ENDICOTT, J. When this case was previously before us, it appeared that the presiding judge ruled that the answer and the facts offered in evidence would not, if proved, show a payment of the note, and we therefore assumed that the allegations of the answer and the facts offered in evidence were true, including the fact that Baker, the auctioneer, was duly authorized to purchase

the estate for the plaintiff, pursuant to the power contained in the mortgage. 124 Mass. 481. But it appears from the bill of exceptions that, at this trial, the only question of fact for the jury was whether the auctioneer had authority to buy for the plaintiff; and the only question of law raised was this: Did the two letters of the plaintiff to Baker, the auctioneer dated December 3 and 29, 1875, respectively, authorize him to buy the property for the plaintiff in the manner in which he did buy it, or attempted to buy it? It was not contended by the defendant that Baker was the general agent of the plaintiff. We are of opinion that the presiding judge correctly ruled that the two letters, in themselves alone, did not give him such authority.

As both the letters were written prior to the sale, and both refer to a sale which the plaintiff wished him to make, they are to be construed together. They contain an authority to advertise the estate for sale, and it is clearly to be inferred from them that the estate was to be sold by Baker, as auctioneer, under the power contained in the mortgage; and the first letter contains the direction, "Please foreclose the mortgage as soon as convenient." A year's interest was then due, and the plaintiff was evidently in need of money, and desired the property to be advertised and the mortgage foreclosed by sale in order that she might obtain it. Her language in the second letter is, "I have been wanting that money to pay my taxes, and the interest is accumulating there too. So, if you will advertise the property as soon as possible, you will greatly oblige me." Construing this sentence in connection with the sentence in the previous letter, it is evident that she intended him to make such a foreclosure as would supply her with the money that she desired, and the idea is excluded that she intended, by the words "foreclose the mortgage," to authorize him to buy for her. In that event she could not obtain the money, which was the object she had in view by the foreclosure.

The question does not arise, what might be the effect of a general direction to an agent to foreclose a mortgage, containing a power in the mortgagee to purchase at the sale, without any limitation upon his authority, and without any intimation from the mortgagee of the manner or the purpose for which he

desired the foreclosure to be made. Undoubtedly the plaintiff intended to foreclose the mortgage, and thereby to extinguish the title of the mortgagor in the premises, but she intended to accomplish this by such a sale as would place money in her hands.

The case was submitted to the jury, on the only question of fact in dispute, upon the testimony of witnesses, as well as upon the correspondence between the parties, before and after the sale; and the presiding judge could not properly rule, " as matter of law, upon all the evidence, especially the correspondence, that the agent was authorized to purchase the property for the plaintiff, as he did." No question of law touching a ratification of the sale is properly before us.                *Exceptions overruled.*