## James H. Muhlig *vs.* John E. Fiske.

Middlesex. January 18; March 1. — April 9, 1881. Colt, J., absent.

A grantee who has accepted a deed poll, by the terms of which he "assumes and agrees to pay" a certain mortgage on the land "and save the grantor harmless therefrom," cannot, in an action upon his agreement, no fraud in the execution or delivery of the deed being suggested, show by oral evidence that he never agreed to assume and pay the mortgage, nor authorized nor knew of the insertion of such an agreement in the deed.

In an action by the grantor against the grantee in a deed poll upon an agreement therein by which the grantee assumes and agrees to pay a mortgage on the land, nominal damages only can be recovered, after the mortgage has been paid out of the land, or extinguished by the act of the mortgagee.

Land was sold under a power in a mortgage for a sum more than sufficient to pay the mortgage debt, and the mortgagee refused to execute a deed to the purchaser The only objection made to the validity of the proceedings was that the purchaser had not paid down fifty dollars in cash as required by the terms of sale. It appeared that the purchaser, when he bid off the estate, did not have that sum, but the auctioneer agreed to advance it, and told the mortgagee that the purchaser had paid it, and that the money was ready for him. *Held*, that, if such was the arrangement, and the auctioneer was ready to pay, and the mortgagee did not object, it had the same effect towards the payment or extinguishment of the mortgage debt as if the sum had been in fact paid by the purchaser to the auctioneer.

Contract to recover the sum of $375. Writ dated June 30, 1879. The plaintiff in his declaration alleged that he executed and delivered to the defendant, and the defendant accepted, a deed, a copy of which was annexed to the declaration, and that the defendant therein agreed with the plaintiff to pay, assume and save him harmless from a certain mortgage of $1500 and the interest to accrue thereon ; that such interest from August 14, 1878, to February 14, 1879, amounting to the sum of $375, had become due and had not been paid, and that the defendant had not paid the same nor saved the plaintiff harmless therefrom, and owed the plaintiff that sum, with interest from the date of the writ.

By the deed referred to, dated March 1, 1876, the plaintiff, in consideration of the sum of $2500 to him paid by the defendant, the receipt of which is acknowledged, conveys to him in fee a lot of land in Natick, with covenants of seisin in fee, good right to sell and convey, freedom from incumbrances, " except a mortgage of $1500 to B. L. Crocker, dated August 1875, which this

grantee assumes and agrees to pay and save the grantor harm-less therefrom, the same being a part of the consideration hereof," and warranty " against the lawful claims and demands of all persons, except as aforesaid."

The defendant in his answer denied each and every allegation in the declaration; and alleged that before the suing out of the writ the mortgagee executed the power of sale contained in the mortgage, and paid, cancelled and extinguished the principal and interest secured by the mortgage, thereby discharging the defendant from his alleged obligation in the deed mentioned in the declaration.

At the trial in the Superior Court, before *Pitman,* J., it appeared that on March 1, 1876, the plaintiff executed the deed to the defendant, mentioned in the declaration; and that this action was brought in the plaintiff's name for the benefit of Crocker, the mortgagee, to recover the amount of interest due on the mortgage at the date of the writ, the principal sum not being due. The deed was produced at the trial by the defendant's attorney, and its execution proved by one Shattuck, a real estate agent, residing in Natick, who wrote as well as witnessed it.

The defendant offered to prove the following facts: " 1st. That the contract between the plaintiff and the defendant, in consideration of which said deed was given, was that the plaintiff should convey the equity in said premises to the defendant in exchange for two lots of unincumbered real estate in Natick. 2d. That there was no contract made between the parties whereby the defendant agreed to assume and pay said mortgage. 3d. That the defendant never authorized the insertion of the agreement sued on in said deed. 4th. That he had no knowledge of its being in said deed until a long time after, and not until after he had conveyed said estate himself to one Shea."

The judge ruled that, " there being no suggestion of fraud in the making, execution or delivery of the deed, the evidence offered was inadmissible under the pleadings, except so far as it related to the delivery of the deed and tended to show want of such delivery."

The defendant testified that said deed did not come into his own possession, and was not delivered to him personally, at any

time until after he had sold and conveyed said premises to Shea, and that he had no knowledge of the agreement sued on being in the deed to him until the summer of 1878. The plaintiff testified that said deed was, at the time of its acknowledgment, passed and delivered to the defendant, and passed by him to Shattuck, by whom, as both parties agreed, it was taken to be recorded.

The defendant contended, and offered evidence tending to show, that Crocker duly foreclosed the mortgage under the power therein by a sale through said Shattuck, and in accordance with terms authorized by Crocker, to one Clough, and that Crocker afterwards refused to execute and deliver a deed in accordance with the terms of sale. The plaintiff denied that Crocker ever authorized a sale on the terms upon which it was made, or upon any other terms than for cash, and also denied that the terms of the sale, such as they were, had been complied with by the purchaser, and evidence on both these points was offered; but no question was made as to the sale in any other particulars. It appeared that Crocker, after the sale, denied that he had authorized it upon the terms on which it was made, and declined to execute a deed.

The defendant offered evidence tending to show that the terms of sale named at the auction were $50 to be paid down in cash, and $15 per month for two years, and the balance in thirty-eight months from date of sale, all except the $50 cash to be secured by mortgage, and that upon these terms the estate was bid off by Clough for $1825, a sum sufficient to pay principal, interest, unpaid taxes, all expenses of sale, and all known incumbrances. It appeared at the trial that Clough did not have $50, and there was no actual transfer of money, but that Shattuck agreed to advance the money, took a note from Clough for the amount, and told Crocker that Clough had paid the $50, and that the same was ready for him; and there was no evidence that Crocker knew to the contrary till so informed at the trial.

The defendant asked that the jury might be instructed "that it was immaterial whether the $50 were paid by Shattuck to Clough and back again by Clough to Shattuck, provided the arrangement was as stated by Shattuck, and Shattuck was

ready to pay, and Crocker did not object." The judge declined to so rule, but did rule " that Crocker was not obliged to look to Shattuck for a credit of $50, and that if there was no payment of the $50, and nothing but a transfer of credit, the terms of sale had not been complied with, unless Crocker assented to such an arrangement or ratified it."

The verdict was for the plaintiff for the full amount claimed and interest. The defendant excepted to the refusals to rule, and to the rulings of the court, so far as inconsistent with the rulings asked for by him.

*C. Q. Tirrell,* for the defendant.

*W. A. Reed,* for the plaintiff.

GRAY, C. J. To constitute a legal delivery of a deed, there must be an acceptance thereof on the part of the grantee. If the deed of conveyance from the plaintiff to the defendant was delivered by the grantor and accepted by the grantee, the latter thereby assumed the duty of performing according to its terms the promise therein expressed to be made by him. By the terms of that promise, he " assumes and agrees to pay," as well as to " save the grantor harmless from," the mortgage of $1500. The agreement to assume and pay the mortgage includes the interest as well as the principal. *Shanahan* v. *Perry,* 130 Mass. 460. And upon a breach of this agreement, by failure to pay a sum due and payable, the grantor may sue the grantee and recover that sum if remaining unpaid. *Furnas* v. *Durgin,* 119 Mass. 500. *Locke* v. *Homer, ante,* 93.

The defendant, having, by the delivery which the jury have found, accepted the deed of conveyance and thereby obtained the estate which he afterwards conveyed to a third person, and so made himself liable to the burden which by the terms of the deed he had assumed, could not (no fraud in the execution or delivery of the deed being suggested) impair the legal effect of his own act by oral evidence that he had never agreed to assume and pay the mortgage, nor authorized nor knew of the insertion of such an agreement in the deed. Such evidence, except so far as it tended to show that there had been no delivery of the deed, was therefore rightly excluded, independently of any question of pleading. *Coolidge* v. *Smith,* 129 Mass. 554. *Blyer* v. *Monholland,* 2 Sandf. Ch. 478.

But the defendant offered evidence tending to show that the estate had been duly sold, under the power contained in the mortgage, for a sum sufficient to pay the principal and interest of the mortgage debt, expenses of sale, and all known incumbrances; and that the mortgagee had refused to execute a deed to the purchaser, and had thus by his own fault prevented the debt to him from being fully paid. If this was proved, it would operate as a payment or extinguishment of the mortgagee's claim against the plaintiff on the mortgage note. *Howard* v. *Ames*, 3 Met. 308. *Hood* v. *Adams*, 124 Mass. 481, and 128 Mass. 207. And, in that event, the plaintiff could recover in this action nominal damages only. *Furnas* v. *Durgin*, 119 Mass. 508. *Locke* v. *Homer*, ante, 96, 108, 109.

The only objection made by the plaintiff to the validity of the proceedings was that the purchaser had not paid down fifty dollars in cash as required by the terms of sale. The bill of exceptions shows that the purchaser, when he bid off the estate, did not have fifty dollars, and there was no actual transfer of money from him to the auctioneer employed by the mortgagee; but that the auctioneer agreed to advance this sum to the purchaser, took from him his note for the amount, and told the mortgagee that the purchaser had paid the fifty dollars, and that the same was ready for him. The defendant asked that the jury might be instructed that, if such was the arrangement, and the auctioneer was ready to pay, and the mortgagee did not object, it was immaterial whether the fifty dollars was paid by the auctioneer to the purchaser and back again by the purchaser to the auctioneer, or not. The presiding judge declined to give the instruction requested; but instructed the jury that the mortgagee was not obliged to look to the auctioneer for a credit of fifty dollars, and that if there was no payment of the fifty dollars, and nothing but a transfer of credit, the terms of sale had not been complied with, unless the mortgagee consented to such an arrangement or ratified it.

We are of opinion that the defendant was entitled to the instruction which he requested. That instruction required the jury to find that the money was in the hands of the auctioneer ready to be paid to the mortgagee, which distinguishes the case

from *Broughton* v. *Silloway*, 114 Mass. 71. If the fifty dollars had been in fact paid by the purchaser to the auctioneer, the mortgagee would have had to look to the auctioneer for that sum. If the auctioneer had agreed to advance that sum to the purchaser, taking his note therefor, and himself had the amount ready to be paid to the mortgagee and told him so, the latter had exactly the same right and the same security. In either case, the money, by virtue of what had taken place between the purchaser and the auctioneer, was actually in the hands of the auctioneer, ready for the mortgagee. The instruction given did not notice this fact, and must have been understood by the jury as treating it as of no importance.        *Exceptions sustained.*