*J. Cutler*, for the plaintiff.
*A. S. Hall*, for the defendants.

---

EDWARD P. WADSWORTH *vs.* MARTIN T. GLYNN & another.

Suffolk. March 18. — April 30, 1881. COLT, LORD & DEVENS, JJ., absent.

In an action upon a promissory note secured by a mortgage of real estate, the answer to which admits the making of the note, sets up payment, and alleges that the plaintiff so negligently and fraudulently conducted a sale of the estate under a power in the mortgage that it brought less than the amount due on the note, which would have been fully discharged if the sale had been properly managed, the burden is on the defendant to prove the facts alleged in the answer.

CONTRACT upon a promissory note for $2500, dated October 29, 1874, payable in five years from date to the plaintiff or order, and signed by the defendants. At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the plaintiff in the sum of $276.44; and the defendants alleged exceptions, which appear in the opinion.

*R. D. Smith & C. A. Prince*, for the defendants.
*J. G. Holt*, for the plaintiff.

ENDICOTT, J. The answer of the defendants admits the making of the note, and the only defence set up is payment. It

alleges that the note was secured by a mortgage on real estate ; that the plaintiff sold the premises by auction, and purchased the same under a power contained in the mortgage ; that he so negligently and fraudulently conducted the sale that the estate brought less than the amount due on the note ; and that, if the sale had been properly managed, the note would have been fully discharged.

This would be a good defence to the plaintiff's claim, as held in *Howard* v. *Ames,* 3 Met. 308 ; and, if proved by the defendants, would have shown that it was the plaintiff's own fault that the note was not fully paid. See *Hood* v. *Adams,* 124 Mass. 481. The plaintiff could properly put in the note and rest his case. It was for the defendants then to prove payment. The production of the note furnished *prima facie* evidence sufficient to sustain the burden of proof on the plaintiff's part, unless rebutted and controlled by proof of payment. The presiding judge therefore rightly refused to rule, when the plaintiff rested his case, that, upon the pleadings, the plaintiff must further prove, in order to maintain his action, that he had credited the defendants with what he could have obtained from a sale fairly and properly made. The defendants then put in evidence in support of their answer; and the presiding judge ruled that it was for the defendants to prove that there was fraud in the sale, and that more could have been received from the sale if fairly conducted than had been indorsed on the note. We see no objection to this ruling. If the jury were satisfied, upon the whole evidence, that the note had been paid and discharged, the defendants would have been entitled to a verdict. *Burnham* v. *Allen,* 1 Gray, 496. *Walton* v. *Eldridge,* 1 Allen, 203.

*Exceptions overruled.*