FIRST NATIONAL BANK *vs.* EUGENE C. WATKINS.

Berkshire.    September 8, 1891. — September 15, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Note — Contract — Consideration — Defence — Circuity of Action.*

An offer, made by the holder of a promissory note secured by a mortgage of personal property to the maker, after an assignment by him of his interest therein, to look to the mortgaged property alone for payment of the note when due, becomes, if the maker abstains to his detriment from taking measures to have the property applied to such payment, a completed contract, which rests upon a sufficient consideration, and is available in defence to an action on the note against the maker, to avoid circuity of action.

CONTRACT, upon a promissory note for five hundred dollars, dated October 29, 1887, and made payable on March 1, 1888, and signed by the defendant. Writ dated December 11, 1890. The answer set up, among other things, that the defendant gave the note for money borrowed by him of the plaintiff bank, and executed and delivered a mortgage of personal property as collateral security therefor; that before the note became due the defendant sold his interest in said property to a third person subject to the mortgage, having theretofore informed the plaintiff that he was about to sell the same; that the plaintiff assented to the sale, and agreed to collect the note by a foreclosure of the mortgage and a sale of the mortgaged property if the purchaser thereof did not pay the same at maturity; that the defendant was induced to sell such mortgaged property by this undertaking and agreement of the plaintiff; that the plaintiff neglected to foreclose the mortgage deed at maturity, at which time the property was sufficient in value to pay the note, but

extended the note, and the property depreciated in value, and the security was lost; and that the plaintiff, having by its own negligence and contrary to its express agreement lost such security and prevented the defendant from realizing enough from the same to pay the note, ought not to be allowed to recover anything of the defendant in the action.

At the trial in the Superior Court, before *Braley*, J., the defendant offered to prove that the note was made to one Benedict by the defendant, and a mortgage of personal property given to secure the note; that Benedict indorsed the note to the plaintiff bank, and made over his interest in the mortgage to it, and thereupon both became the property of the plaintiff; that the defendant afterwards sold his equity in the mortgaged property to a third person, and the plaintiff bank then agreed with the defendant that it would look to the mortgaged property alone for payment of the note; that the plaintiff afterwards extended the time for the payment of the note, without the knowledge or request of the defendant; that on April 4, 1890, the sum of $178.15, the amount realized from the foreclosure and sale of the mortgaged property was paid and indorsed upon the note; and that at the time of the maturity of the note the mortgaged property was of more than sufficient value to pay the same.

The judge ruled that, if the defendant proved what was stated in his offer of proof, it would not amount to a defence to the action, and ordered a verdict for the plaintiff, and reported the case for the determination of this court. If the ruling was right, the verdict was to stand; otherwise, the verdict was to be set aside, and a new trial ordered.

*E. M. Wood*, for the defendant.

*M. Wilcox*, for the plaintiff.

KNOWLTON, J. The exceptions were waived at the argument, and we have to consider only the questions presented by the report. The ruling of the Superior Court was made on the defendant's offer of proof in the opening of his counsel to the jury, and the argument in behalf of the plaintiff assumes that the agreement referred to in the offer was upon a sufficient consideration, and was enforceable as an independent contract. The contention chiefly relied on by the plaintiff is, that such an agreement is not available in defence to a suit on the note, al-

though if broken it would furnish a good foundation for an action for damages. We do not assent to this proposition. An agreement to "look to the mortgaged property alone for the payment of the note" would be, in effect, an agreement to discharge the defendant from all liability upon it, which, if made upon a valuable consideration, would be a good defence to a suit for payment of it; although a new and independent contract, it would be unreasonable to permit a plaintiff who had made such an agreement to collect his note of the maker, and to compel the maker to seek his remedy by a suit to recover back from the payee as damages the sum which was paid. The tendency of the modern cases is to allow such an agreement to be shown in defence, to avoid circuity of action. *Howard* v. *Ames*, 3 Met. 308, 311. *Hood* v. *Adams*, 124 Mass. 481, 485. *Wadsworth* v. *Glynn*, 131 Mass. 220. *Hodgkins* v. *Moulton*, 100 Mass. 309, was decided on a question of pleading; and in *Waterhouse* v. *Kendall*, 11 Cush. 128, and *Traver* v. *Stevens*, 11 Cush. 167, the question related to the consideration of the note, and differed materially from that in the case at bar.

The offer, as stated in the report, does not very clearly show whether the agreement referred to was founded on a sufficient consideration; but the allegations of the answer are full in this particular, and the defendant's counsel asserted in argument, and the plaintiff's counsel did not deny, that the offer was in fact to show an agreement which would constitute a contract. If there was an agreement purporting to be made in reference to the defendant's sale of the equity of redemption in the mortgaged property in the form of an offer that the defendant might, if he chose, refrain from paying the note, and from taking measures to secure payment of it out of the proceeds of the mortgaged property, and that the plaintiff would look to the property alone for the payment of it, and the defendant, relying upon the offer, did refrain from making any effort to have the property applied to the payment of the note when it became due, and thereby suffered detriment, there would be a sufficient consideration for the agreement. It would be an ordinary case of a unilateral contract growing out of an offer of one party to do something if the other will do or refrain from doing something else. If the party to whom such an offer is made acts upon it in

the manner contemplated, either to the advantage of the offerer or to his own disadvantage, such action makes the contract complete, and notice of the acceptance of the offer before the action is unnecessary. *Lent* v. *Padelford*, 10 Mass. 230. *Train* v. *Gold*, 5 Pick. 380. *Brogden* v. *Metropolitan Railway*, 2 App. Cas. 666, 691. *Weaver* v. *Wood*, 9 Penn. St. 220. *Patton* v. *Hassinger*, 69 Penn. St. 311.

In view of all the circumstances, we think the report should be interpreted as presenting the question whether the agreement offered to be proved, if made for a good consideration, would be a bar to the present suit. The entry should be,

*Verdict set aside.*