BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* MARY
A. MANNING & others.

Suffolk.    March 13, 1912. — May 22, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Bills and Notes. Mortgage. Evidence,* Presumptions and burden of proof.

From the facts alleged in the declaration in an action against the maker of a
promissory note it appeared that that note and a second note signed by
another person were secured by a single mortgage of real estate, that the
mortgage had been foreclosed by a sale under its provisions, that the pro-
ceeds of the sale had been applied in full payment of the second note and
in part payment of the note in suit, and that the plaintiff sought to recover
the unpaid balance.    The answer contained merely a general denial and an
allegation of payment.    At the trial the plaintiff introduced the note in evi-
dence and rested.    The defendant offered no evidence, and no question was
raised as to the execution of the note or the consideration therefor.    The judge,
subject to exceptions by the defendant, ordered the jury to return a verdict
for the plaintiff for the balance claimed in the declaration.    *Held,* that the
action of the judge was right.

CONTRACT upon a promissory note.    Writ dated September
19, 1908.

In the Superior Court the case was tried before *Lawton,* J.    The
facts are stated in the opinion.    At the close of the plaintiff's case,
the defendant rested and asked for the following rulings:

"1.    That the plaintiff cannot recover on all the evidence.

"2.    That the note sued on refers to a mortgage that secures
the note and the burden of proof is upon the plaintiff to produce
the mortgage to show whether it has been partially or wholly
discharged, as determining whether anything is due on the note.

"3.    That the burden of proof is upon the plaintiff to show that
due notice under the terms of the mortgage was given to each de-
fendant or it cannot recover.

"4.    The discharge of the mortgage carries with it payment of
the note secured thereby, and the burden of proof is upon the plain-
tiff to show that the mortgage has not been discharged and the
mortgage not yet paid.

"5.    The discharge of the mortgage and the cancellation of the

note are not independent transactions, although perfected in different ways peculiar to each other.

"6. If the plaintiff has not offered evidence to show it has lived up to the terms and covenants of the mortgage to be performed on its part it cannot recover against these defendants."

"8. That the mortgage and not the note is the gist of the right of action for breach of condition or conditions of said mortgage, and the conditions and terms of the mortgage must be observed and lived up to by the mortgagee before a right of action begins on the note for a breach or breaches of conditions on the part of the mortgagor, and evidence of the observance of these conditions must be offered affirmatively by the plaintiff or it cannot recover in this action."

The rulings were refused; and a verdict was ordered for the plaintiff. The defendants alleged exceptions.

The case was submitted on briefs.

*A. J. Connell,* for the defendants.

*C. K. Cobb,* for the plaintiff.

DeCOURCY, J. This is an action against three of the five makers of a joint and several note for $14,400, which was long overdue. At the trial the plaintiff offered in evidence the note declared on and no question was raised as to its execution, or as to the consideration therefor. The defendants had pleaded a general denial and payment, but as they introduced no evidence the plaintiff would have been entitled to a verdict for the full amount of the note and interest were it not for its admissions in the declaration crediting the defendants with a partial payment. *Whitney* v. *Clary,* 145 Mass. 156.

It is alleged in the declaration that the note in question, together with a note of the same date for $3,600 signed by one Murnane, guardian, and held by the plaintiff, were secured by a mortgage of real estate; and that upon a default in the payment of principal and interest the plaintiff foreclosed the mortgage by sale and applied upon the notes the $17,000 for which it bid in the property. The exceptions raise no question as to the application of the proceeds of the sale between the note in suit and the Murnane note. Presumably the amount was first applied to the payment in full of the latter and the balance *pro tanto* to the note in suit, as the defendants admitted that if their requests

for rulings were refused the jury should find in favor of the plaintiff for the balance due on the note with interest, and made no objection to the rendering of the verdict for $3,490.64.

As there was no special stipulation for the application of the mortgage security, the plaintiff had a right to apply the proceeds of the foreclosure sale in full payment of the Murnane note before crediting any to the note in question; and the defendants are liable for the unpaid balance. *Wilcox* v. *Fairhaven Bank,* 7 Allen, 270. *Draper* v. *Mann,* 117 Mass. 439. The trial judge rightly refused to give the rulings requested.

*Exceptions overruled.*