MIHRTAD PABUJIAN *vs.* SADIE B. PABUJIAN, administratrix.

Suffolk.　February 7, 1929. — February 28, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Bills and Notes,* Payment. *Mortgage,* Of personal property. *Evidence,* Presumptions and burden of proof, Failure to produce evidence, Inference.

In an action against the administrator of the estate of the maker of a note for $500 payable on demand, the answer was a general denial and an allegation of payment.　At the trial, the plaintiff took the stand and was subjected to cross-examination, and testified that the note was secured by a mortgage of personal property, that within a year after the note was given he took possession of the mortgaged property, and "right afterwards" he sold it at public auction through an auctioneer and realized a net amount which he did not remember but which was about $40 or $50.　The mortgage was not introduced in evidence and there was no evidence as to its terms or whether the plaintiff had made any demand for payment of the note or notified the maker of his intention to take possession of or to sell the property, or any other testimony as to what was done in connection with taking

possession and selling the property. The judge ordered that, if the jury found for the plaintiff, they should deduct $50 from the face of the note. There was a verdict for the plaintiff. *Held,* that

(1) The plaintiff's testimony did not compel nor even warrant the conclusion that in taking possession of the mortgaged property and selling it the plaintiff so acted that, as matter of law, he was not entitled to recover any deficiency on the note after applying the proceeds of the sale;

(2) The plaintiff's failure to introduce further evidence in his own behalf when there was no evidence given by others adversely affecting his rights or interests which it was necessary that he control or explain did not warrant inferences unfavorable to him;

(3) A contention by the defendant that the plaintiff's dealings with the mortgaged property prevented recovery was, in substance, a defence of payment, and the burden of establishing it was on the defendant;

(4) In the absence of evidence of the terms of the mortgage, a ruling, that the acts of the plaintiff in taking possession of and selling the mortgaged property required that a verdict be ordered for the defendant, properly was refused;

(5) It was proper to refuse to order a verdict for the defendant.

CONTRACT upon a promissory note for $500. Writ dated August 2, 1926.

In the Superior Court, the action was tried before *Williams,* J. Material evidence and requests by the defendant for rulings are described in the opinion. The judge instructed the jury that, if they should find for the plaintiff, they should deduct $50 from the face of the note and find for the plaintiff for $450 and interest thereon from the date of the note. The jury found for the plaintiff in the sum of $942. The trial judge, upon the agreement stated in the opinion, reported the action for determination by this court.

*F. L. Norton,* for the defendant.

*J. H. Duffy,* for the plaintiff.

FIELD, J. This is an action upon a promissory note alleged to have been given by the defendant's intestate to the plaintiff. The answer was a general denial and a plea of payment. The defendant moved for a directed verdict and made the following requests for rulings: "1. If the note in suit was secured by a chattel mortgage and the plaintiff took possession of the chattels and sold them but did not foreclose the mortgage by sale in accordance with its terms, he cannot

recover.   2. If the note in suit was secured by chattel mortgage and the plaintiff took possession of the mortgaged property and attempted to foreclose the mortgage by possession and notice under the statute, then, whether he did or did not comply with the terms of the statute, he is not entitled to recover.   3. If the note in suit was secured by a chattel mortgage and plaintiff took possession of the mortgaged property, the burden is on plaintiff to show that the mortgage was legally foreclosed."   The defendant's motion for a directed verdict and her requests for rulings were denied.   The jury returned a verdict for the plaintiff.

The judge reported the case "upon the agreement of the parties that if the denial of the motion for a directed verdict and the denial of defendant's requests for rulings was correct, judgment shall be entered for the plaintiff upon the verdict."

The plaintiff testified that the note, which was for $500 payable on demand with interest, was given by the defendant's intestate and that it was secured by a mortgage of personal property owned by the defendant's intestate.   He testified that within a year after the note was given he took possession of the mortgaged property, and "right afterwards" he sold it at public auction through an auctioneer and realized a net amount which he did not remember but which was about $40 or $50.   The mortgage was not introduced.   There was no evidence as to its terms or whether the plaintiff had made any demand for payment of the note or notified the maker of his intention to take possession or to sell the property or any other testimony as to what was done in connection with taking possession and selling the property.

If the testimony of the plaintiff (by which he is bound, *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232) as to the mortgage of personal property by which the note was secured and as to his taking possession of the mortgaged property and selling it is left out of consideration, the evidence in this case warranted a verdict for the plaintiff.   The question here is as to the effect of this testimony of the plaintiff.

This testimony does not compel or even warrant the conclusion that in taking possession of the mortgaged property and selling it the plaintiff so acted that, as matter of law, he

is not entitled to recover any deficiency on the note after applying the proceeds of the sale. For example, this testimony was consistent with there having been a power of sale in the mortgage and with the plaintiff's having foreclosed the mortgage by sale in accordance with its terms, so that he was entitled to recover the deficiency after the application of the proceeds of the sale to the note (see *Saunders* v. *McCarthy*, 8 Allen, 42; *Draper* v. *Mann*, 117 Mass. 439, 441; *Fitchburg Co-operative Bank* v. *Normandin*, 236 Mass. 332, 335), but it would not have warranted such inferences. Yet contrary inferences, unfavorable to the plaintiff, that there was no power of sale in the mortgage or that if there was such a power of sale the plaintiff did not comply with its terms in selling the property, were not warranted by his failure to introduce the mortgage in evidence, or to prove its terms otherwise, or to testify further or call other witnesses as to what was done by him in connection with taking possession of the mortgaged property and selling it. This is not a case in which the plaintiff failed to produce a document called for by the defendant. Moreover he took the stand and was subject to cross-examination by the defendant. His failure to introduce further evidence in his own behalf when there was no "evidence given by others, adversely affecting his rights or interests" to be controlled or explained by him (see *Howe* v. *Howe*, 199 Mass. 598, 603), does not warrant inferences unfavorable to him. *Poirier* v. *Terceiro*, 224 Mass. 435, 437. *Bishop* v. *Pastorelli*, 240 Mass. 104, 107. The case therefore turns on the burden of proof.

The defence that the plaintiff's dealings with the mortgaged property prevent recovery in this suit is, in substance, a defence of payment and the burden of proving payment is on the defendant. *Wadsworth* v. *Glynn*, 131 Mass. 220. In cases in which it appeared that the mortgage contained a power of sale it has been held that the burden of showing that the sale was not made in good faith or not properly conducted was on the mortgagor. *Wadsworth* v. *Glynn, supra. Vahey* v. *Bigelow*, 208 Mass. 89, 93. *Taylor* v. *Weingartner*, 223 Mass. 243, 248. Proof that the mortgage contained no power of sale or proof of the terms of the power of sale, if it contained

one, that is, proof of the terms of the mortgage, also is an element in the proof of payment and discharge of the note by reason of alleged wrongful dealing with the mortgaged property. *Boston Safe Deposit & Trust Co.* v. *Manning*, 211 Mass. 584. As the evidence did not require a finding of payment, the defendant's motion for a directed verdict was denied properly.

There was no error in the denial of the defendant's requests for rulings. The evidence did not warrant findings of fact which would have made either the first or the second request applicable. *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass. 285, 290. It could not have been found either that the plaintiff "did not foreclose the mortgage by sale in accordance with its terms" or that he "attempted to foreclose the mortgage by possession and notice under the statute." For reasons already given the third request that "the burden is on the plaintiff to show that the mortgage was legally foreclosed" was not a correct statement of law. *Boston Safe Deposit & Trust Co.* v. *Manning, supra.*

*Judgment on the verdict.*