LOUIS WARNEKE vs. LUCIA WYCZATYCKI.

Hampden.    November 5, 1929. — November 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

Contract, Performance and breach.  Mortgage, Of real estate: assumption
   by grantee.  Damages, Nominal.

A deed of land encumbered by two mortgages recited that the grantee
   agreed to assume and pay the mortgages as part of the consideration
   for the conveyance.  The grantee subsequently failed to pay interest
   due on the second mortgage, which was foreclosed.  The grantor
   purchased the property at the foreclosure sale for a price sufficient to
   pay the mortgage debt, interest and expenses of sale.  In an action of
   contract thereafter commenced by the grantor against the grantee,
   in which the plaintiff alleged a breach of the defendant's agreement
   in the deed by reason of his failure to pay the interest due, it was
   held, that the plaintiff could not recover, since the defendant's liability
   under his agreement had been terminated by the sale in foreclosure
   at a price sufficient to satisfy all obligations under the second mort-
   gage: the plaintiff had suffered no harm.
The plaintiff in the action above described was not entitled to recover
   even nominal damages.

CONTRACT.    Writ dated December 15, 1927.

Material facts found by an auditor to whom the action
was referred in the Superior Court are stated in the opinion.
The action thereafter was heard without a jury by *Green-
halge*, J., upon the pleadings and the auditor's report.   The
judge ruled that the plaintiff could not recover, found for
the defendant and reported the action for determination by
this court.

The case was submitted on briefs.

*J. F. Egan & C. M. Jacobs*, for the plaintiff.

*J. A. Frankowski*, for the defendant.

CROSBY, J.  This is an action of contract to recover
damages for an alleged breach of an agreement, contained
in a deed, and comes before us upon a report of a judge
of the Superior Court.

On November 18, 1925, the plaintiff by warranty deed
conveyed to the defendant certain parcels of land, sub-

ject to a first mortgage of $5,500 and to a second mortgage of $3,300. It was recited in the deed that the grantee assumed and agreed to pay these mortgages as part consideration for the conveyance.

The trial judge, upon the facts found by the auditor and the inferences drawn therefrom, ruled that the plaintiff was not entitled to recover. It appears from the report that interest due on the second mortgage, amounting to $67.65, was not paid when due and the mortgagees duly foreclosed the mortgage by sale. The plaintiff was represented at the foreclosure sale by his attorney. The defendant's husband represented her, and was requested by the plaintiff's attorney to bid in the property on behalf of the defendant, but he refused to do so. The plaintiff's attorney bought the property for $3,527.65, which was the amount of the second mortgage, plus interest due thereon, and the expenses of foreclosure. The proceedings, so far as they appear, were in all respects pursuant to the power contained in the mortgage.

As the property was sold and bid in by the plaintiff for a sum sufficient to pay the mortgage debt, including interest due and expenses of sale, the liability of the defendant to the plaintiff to assume and pay this second mortgage was thereby extinguished.

The plaintiff has suffered no damage, and is not entitled to recover. *Hood* v. *Adams*, 124 Mass. 481. *Fenton* v. *Lord*, 128 Mass. 466. *Locke* v. *Homer*, 131 Mass. 93. *Muhlig* v. *Fiske*, 131 Mass. 110. See also *Walton* v. *Ruggles*, 180 Mass. 24; *Pilok* v. *Bednarski*, 230 Mass. 56. What was said respecting the recovery of nominal damages in *Furnas* v. *Durgin*, 119 Mass. 500, 508, *Locke* v. *Homer*, *supra*, and *Muhlig* v. *Fiske*, *supra*, is not applicable to the facts in the case at bar.

Before this action was brought the defendant's liability under the agreement to assume and pay the second mortgage had been fully satisfied.

In accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*