## JAMES J. DONAHUE *vs.* GEORGE F. PARKMAN.

Suffolk.    March 19, 1894. — May 18, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mortgage — Foreclosure Sale — Action to recover Money deposited — Forfeiture.*

A purchaser at a sale by auction who has made a deposit of money under an agreement that it shall be forfeited to the use of the seller if he fails to comply with the terms of the sale, cannot recover back the deposit ; and the fact that the sale was made by the defendant as mortgagee does not give the plaintiff any additional rights, considering him simply as a purchaser; nor does the fact that he participated in the scheme of the agent of the owner of the equity to delay the foreclosure of the mortgage by pretending to buy the property give him any better standing in court.

CONTRACT, for money had and received by the defendant to the plaintiff's use, being a deposit of five hundred dollars at a sale by auction, under an agreement that it should be forfeited to the seller if the purchaser failed to comply with the terms of the sale.    Trial in the Superior Court, without a jury, before *Hammond*, J., who found for the defendant ; and the plaintiff alleged exceptions.    The material facts appear in the opinion.

*C. F. Eldredge*, for the plaintiff.

*C. C. Read*, for the defendant.

LATHROP, J.   By the terms of the sale, which was for cash, five hundred dollars were to be " paid at sale into the hands of the auctioneer, to be forfeited to the use of the seller in case the purchaser shall fail to comply with the residue of the terms of the sale ; a forfeiture of said sum not to release the purchaser from his liability under this contract ; the balance of the amount to be paid, and settlement to be made, and deed to be delivered at the office of the auctioneers at or before 2 o'clock P. M. on Tuesday, the third day of January, A. D. 1893."

The paper signed by the purchaser, the plaintiff in this action, acknowledged the purchase of the estate for $13,000, and proceeded as follows: " And I hereby agree to comply with the terms of the sale as stated by the auctioneer and hereto annexed ; and having paid into the hands of the auctioneer the sum of five hundred dollars, agreeably to said terms of sale, I

hereby agree to forfeit said sum to the use of the seller should I fail to comply with the residue of said terms."

It is not contended that there was. anything unreasonable in the terms of the sale; and it could not be so said as matter of law. *Model Lodging House Association* v. *Boston*, 114 Mass. 133. *Pope* v. *Burrage*, 115 Mass. 282. *Wing* v. *Hayford*, 124 Mass. 249.

The justice, who tried the case without a jury, having found for the defendant, it must be assumed that the fact that the sale was not carried out was the fault of the plaintiff.

The first and principal question is whether a purchaser at a sale by auction, who has made a deposit of money under an agreement that it shall be forfeited to the use of the seller if he fails to comply with the terms of the sale, can recover back the deposit. It is well settled that he cannot.

If the contract had contained the words that the deposit was " to bind the bargain," the case at bar would be governed by that of *Kelly* v. *Thompson*, 101 Mass. 291, 299, where it was held that, if the purchaser did not make the deposit and refused to comply with the terms of the sale, an action would lie against him for the deposit, although the property was afterwards sold for more than it brought at the first sale.

Sometimes the deposit is called " an earnest " in the agreement, and then it is clear that it cannot be recovered back. *Hinton* v. *Sparkes*, L. R. 3 C. P. 161. *Catton* v. *Bennett*, 51 L. T. (N. S.) 70. See also *Sage* v. *Central Railroad*, 99 U. S. 334, 344, where a decree of foreclosure by sale of the property of a railroad corporation, which provided that a purchaser should be required to pay at once a part of his bid, as " earnest money," was approved by the court.

It is held in other cases that, even if there is no clause of forfeiture in the agreement, a purchaser who violates his contract cannot recover the deposit. *Ex parte Barrell*, L. R. 10 Ch. 512. *Depree* v. *Bedborough*, 4 Giff. 479. *Howe* v. *Smith*, 27 Ch. D. 89.

Where the agreement contains a clause of forfeiture, the authorities generally agree that the deposit cannot be recovered back. In *Kelly* v. *Thompson*, it is said by Mr. Justice Ames : " When a purchaser expressly stipulates that a payment on account,

actually made by him, is to be forfeited if by his own fault the purchase shall not go into effect, he may reasonably be understood to mean that it shall not be reclaimed in whole or in part. The distinction between a penalty and liquidated damages does not apply to a case of that description." 101 Mass. 299. So, in *Howe* v. *Smith, ubi supra*, the deposit is said by Lord Justice Fry to be not merely a part payment but "an earnest to bind the bargain." To the same effect is *Soper* v. *Arnold*, 35 Ch. D. 384. See also *Cooper* v. *London, Brighton, & South Coast Railway*, 4 Ex. D. 88 ; *Thomas* v. *Brown*, 1 Q. B. D. 714 ; *Best* v. *Hammond*, 12 Ch. D. 1.

In other cases a deposit with an agreement for forfeiture is treated as liquidated damages. *Lea* v. *Whitaker*, L. R. 8 C. P. 70. *Essex* v. *Daniell*, L. R. 10 C. P. 538. *Mathews* v. *Sharp*, 99 Penn. St. 560. *Tingley* v. *Cutler*, 7 Conn. 291.

The fact that the sale by the defendant was made by him as mortgagee does not give the plaintiff any additional rights, considering him simply as a purchaser. Nor do we see that the fact that he participated in the scheme of Alfred A. Marcus to delay the foreclosure of the mortgage by pretending to buy the property gives him any better standing in court.*

---

* It appeared that on December 28, 1892, seven days after the foreclosure sale, a bill in equity to redeem the premises was brought in the name of Maryann Marcus, the owner of the equity, and notice thereof duly recorded with Suffolk Registry of Deeds; that thereupon the plaintiff (although the defendant had sent his fully executed deed to the office of the auctioneers at the time appointed, and in all respects had fulfilled the agreements on his part to be observed) refused to carry out the further terms of his agreement or to pay the balance of the purchase money, demanded back the amount of his deposit, alleging as a reason for so doing the filing of the *lis pendens* and the pendency of the bill in equity, and on January 3, 1893, commenced the present action against the defendant. It also appeared in evidence that Maryann Marcus, the owner of the equity in the real estate, was the invalid daughter of Alfred A. Marcus, who purchased the real estate in his daughter's name; that in all matters relating to the real estate from the time of its purchase Alfred A. Marcus had taken full charge of the property in behalf of his daughter, had managed it, and had acted at all times as her fully authorized agent; that so acting he had wished to bid in the property to delay the foreclosure if the price brought at auction should not be satisfactory to him as such agent; that the plaintiff was a hack driver with a business stand near the office of Alfred A. Marcus, and had had nothing whatever to do with regard to the mortgaged premises until just before the foreclosure

We have no occasion to consider what the rights of the owner of the equity of redemption would be, in a bill brought to redeem the mortgage, to a deposit received by the mortgagee from a purchaser who had failed to carry out his agreement. No such question arises here.

The rulings requested by the plaintiff were, therefore, properly refused; and the order must be

*Exceptions overruled.*

---

sale, when Alfred A. Marcus called him into his office and engaged him to attend the foreclosure sale in behalf of the owner of the equity, for the purpose aforesaid; that the plaintiff then attended the foreclosure sale, in company with the son of Alfred A. Marcus and Mr. Burton, the attorney of Alfred A. Marcus, as agent aforesaid; that when the real estate was bid off by the plaintiff, he with the son and the attorney stepped up to the auctioneer, and the amount of the deposit money, five hundred dollars, was then handed by the son to the plaintiff, and in turn by the plaintiff at once to the auctioneer. It also appeared in evidence that the five hundred dollars had been furnished by Alfred A. Marcus to his son for this purpose, and the plaintiff had no interest in the money except to act for Marcus as aforesaid. It further appeared that the bill in equity to redeem was brought by Alfred A. Marcus as agent aforesaid, for the purpose of giving the plaintiff an excuse for not complying with the terms of the memorandum, and for the purpose of carrying out his original purpose of delaying the foreclosure by sale, intending also to redeem; that on June 9, 1893, the defendant was fully paid the amount of his mortgage claim, with interest and costs, the money coming from Alfred A. Marcus as agent, and that the defendant, at the request of Alfred A. Marcus as agent, then assigned to some person other than the plaintiff or the owner of the equity or the said Alfred said mortgage, and in consideration thereof, on June 12, 1893, entry was made by agreement on the records of the court, " Bill dismissed, with costs "; and also that when Alfred A. Marcus paid the defendant the amount of his mortgage claim as aforesaid, the matter of the deposit money, five hundred dollars, was mentioned, but was distinctly left out of the settlement. It further appeared that the plaintiff did not notify the defendant or the auctioneer, at the time he paid the money or ever afterwards, that he was acting in any other capacity than for himself, and the fact that he was acting as the agent of the owner was not known either to the defendant or to the auctioneer until after the defendant had received the money for his mortgage and had assigned it as aforesaid.