HERBERT E. DENNETT *vs.* ELEANOR E. PERKINS & another,
trustees.

Suffolk.   March 10, 1913. — May 21, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Contract,* Implied in law.   *Mortgage,* Of real estate: foreclosure sale.

An action of contract for money had and received will lie to recover money in the
hands of the defendant which in equity and good conscience belongs to the
plaintiff.

Where the mortgagee under a mortgage of real estate containing a power of sale
has made successive attempts to sell the real estate at foreclosure sales duly
advertised and at each of such attempted sales has received a money deposit
from the highest bidder which is forfeited because each of such bidders has
failed to perform the further conditions of the sale, and thereafter the mortgagee
has made a complete foreclosure sale at which he himself has become the pur-
chaser at a price covering the full amount due on the mortgage with interest
and foreclosure expenses, such mortgagee holds the surplus in his hands, de-
rived from the forfeitures of deposits at the previous uncompleted sales, for the
benefit of the owner of the equity of redemption in the real estate, and such
owner may maintain an action of contract for money had and received against
the mortgagee to recover the amount of the surplus in his hands derived from
such deposits.

DE COURCY, J.   The plaintiff was the owner of certain real
estate subject to two mortgages, one of $15,000 and one of $1,500,
given by his grantor to Charles B. Perkins, 'deceased.   There
being a breach in the condition of the larger mortgage, the
defendants, as trustees under the will of Perkins, proceeded to
foreclose the mortgage, acting under the power of sale therein.
On the day advertised, February 24, 1910, the property was sold
to the plaintiff's wife, as the highest bidder, and she made a de-
posit of $300 and signed an agreement providing that she should
forfeit this sum to the use of the seller if she should fail to comply
with the residue of the terms.

Mrs. Dennett made default in the payment of the balance, and
the defendants again advertised the property to be sold under
the power of sale.   On April 4, 1910, the date of the sale, the
Farmhood Corporation was the highest bidder, made a deposit
of $500 and signed an agreement like that of Mrs. Dennett above

referred to. The Farmhood Corporation failed to pay the balance and that sale never was completed.

A third foreclosure sale was made by the defendants on May 11, 1910; the plaintiff himself was the highest bidder, made a deposit of $500, and signed a like agreement to forfeit this sum to the use of the seller if he should fail to comply with the terms of sale.

The plaintiff failed to complete the purchase and the defendants made a fourth foreclosure sale on August 11, 1910. Again the plaintiff was the highest bidder, making a deposit of $600 and signing a like agreement. He failed to pay the balance.

On September 14, 1910, the defendants duly made a fifth foreclosure sale. The plaintiff was the highest bidder, made a deposit of $600 and signed an agreement similar to the earlier ones. As he failed further to comply with the terms of the sale, a sixth foreclosure sale was held on October 19, 1910. At that time the plaintiff again was the highest bidder, made a deposit of $600, and signed the usual agreement; and again he failed to complete the purchase.

Finally a seventh foreclosure sale was held on November 23, 1910, at which the property was bid in by the defendants for $18,000 and a mortgagee's deed in the usual form was made to them as trustees. The plaintiff contended that the defendants should credit him with the further sum of $3,100 received from the six deposits, and that after deducting therefrom the amounts due under the two mortgages and the expenses and disbursements at each of the sales, they should pay the balance to him.

This action for money had and received was brought to recover that balance, and the judge of the Superior Court * found for the plaintiff. The sole question involved in the exceptions is whether it is the duty of the defendants to account to the plaintiff for the $3,100 received from the deposits on the uncompleted sales.

It is settled law that a purchaser at a sale by auction, who has made a deposit of money under an agreement that it shall be forfeited to the use of the seller if he fails to comply with the terms of the sale, upon such failure cannot recover back the de-

---

* *Quinn, J.*

posit. *Donahue* v. *Parkman,* 161 Mass. 412. As was stated in that case, the court did not consider what the rights of the owner of the equity of redemption would be to a deposit received by a mortgagee from a purchaser who had failed to carry out his agreement. Here the plaintiff is suing, not as purchaser to recover deposits made by him, but as the owner of the equity and the one entitled to any surplus. The defendants have received the full amount due them under the mortgages, with interest and foreclosure expenses; and if the plaintiff is entitled in equity and good conscience to the balance in their hands he can recover the same in this action for money had and received. *Nelson* v. *Piper,* 213 Mass. 531. *Knowles* v. *Sullivan,* 182 Mass. 318.

The defendants, in selling under a power of sale in their mortgage, were trustees for sale in favor of the owner of the equity and of the holder of any junior lien. It was in their capacity as such trustees and while acting under the power, that they received not only the purchase money of the final sale but also the deposits on the uncompleted ones. In executing that power they were bound to use every reasonable means to obtain the full value of the property. After the payment of all that was owed to them and secured by the mortgage, including the attorney fees and other foreclosure expenses, they hold the surplus as trust property and must account for it to the plaintiff as the only person in interest. *Bailey* v. *Ætna Ins. Co.* 10 Allen, 286. *Hood* v. *Adams,* 124 Mass. 481. *Clark* v. *Simmons,* 150 Mass. 357. *Mattel* v. *Conant,* 156 Mass. 418. The finding of the trial judge was warranted by the evidence, and we find no error in his refusal to give the rulings requested by the defendants, nor in the giving of those requested by the plaintiff.

*Exceptions overruled.*

*J. W. Pickering,* for the defendants, submitted a brief.
*F. N. Nay,* (*L. W. Peters* with him,) for the plaintiff.