STEVEN PILOK & others *vs.* JOHN BEDNARSKI.

Franklin. February 25, 1918. — April 22, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of real estate. *Equity Jurisdiction,* To compel accounting for surplus after foreclosure sale.

The holder of a third mortgage on real estate may maintain a suit in equity against the holder of a second mortgage on the same property, who has foreclosed his mortgage and has become the purchaser of the property at the foreclosure sale, but who has refused to complete the foreclosure by making a deed to himself under a power contained in the second mortgage, to compel the defendant to pay to the plaintiff the surplus of the purchase money after the satisfaction of,

the debt to the defendant secured by the second mortgage, because equity will
treat as done that which ought to have been done, and the defendant will not
be allowed to take advantage of his own failure to perform his duty toward the
plaintiff by completing the foreclosure of his second mortgage.

BILL IN EQUITY, inserted in a common law Superior Court
writ dated January 28, 1916, by the holders of a third mortgage
on certain real estate in Deerfield, against the second mortgagee
of the property, who had foreclosed his second mortgage and had
become the purchaser at the foreclosure sale thereunder, to com-
pel the defendant to pay over to the plaintiffs any surplus found
to be due to the plaintiffs after payment to the defendant of the
debt secured by his second mortgage.

The case was referred to a master, who filed a report in favor
of the plaintiffs. Later the case was heard by *Hamilton,* J., who
made an interlocutory decree that the master's report be con-
firmed. On a motion for a final decree, by agreement and at
the request of the parties the judge found that the findings of the
master were true and reserved and reported the case upon the
pleadings and the master's report for determination by this court,
such decree to be entered as the merits of the case required.

The case was submitted on briefs.

*W. A. Davenport & C. Fairhurst,* for the plaintiffs.

*P. D. Martin,* for the defendant.

BRALEY, J. The plaintiffs are entitled to a decree under the
first prayer of the bill, the terms of which are to be settled in the
trial court.

The defendant, as the second mortgagee, having been author-
ized by the power to bid at the foreclosure sale, and his bid, which
was the highest, having been accepted, the deposit made and the
memorandum or certificate of sale signed by the auctioneer, became
the purchaser, and nothing remained by way of performance
except to execute the deed to himself, and, upon deducting the
expenses, to apply the purchase price in liquidation of the mortgage
debt, retaining the balance, if any, for the benefit of those who
should receive it. *Hall* v. *Bliss,* 118 Mass. 554. But it appears
from the answer "that he does not intend to do so" and the
report states that at the hearing before the master he testified
that he did not intend to take title and in so far as possible has
disaffirmed the sale.

The power has been fully executed. The mortgage has been regularly foreclosed. The plaintiffs, however, rank as the third mortgagee. By the terms of the advertisement, and of sale, the property was sold subject to an outstanding first mortgage and unpaid taxes. And, the amount received having been more than sufficient to satisfy the second mortgage and costs of foreclosure, the surplus became payable to the plaintiffs, who, as the junior incumbrancers, succeeded to the rights of the mortgagor. *Wiggin* v. *Heywood,* 118 Mass. 514, 516. *Mattel* v. *Conant,* 156 Mass. 418. *Bon* v. *Graves,* 216 Mass. 440.

But notwithstanding these well settled principles, the defendant contends that, as he cannot sue himself for specific performance, the plaintiffs are remediless. It is true that execution of the deed was requisite for vesting the title, and he could not bring suit. A mortgagee nevertheless when acting under the power is a trustee, who in every particular must execute the trust with strict fidelity to the mortgagor or whoever may have his estate in the premises. As the defendant by force of the power lawfully became the purchaser, he was bound to complete the purchase as fully and as effectually as if some other person had bought. The fact that he acted in the dual capacity of seller and purchaser conferred no additional rights, but imposed a stricter accountability when he bought for himself. The plaintiffs' rights under the circumstances cannot be destroyed by the refusal of performance. A court of equity will treat that which ought to be done as having been done. The defendant, therefore, under all the authorities is to be treated as the purchaser at a valid sale, and, as between the plaintiffs and himself, it is of no consequence that as yet no deed has been passed. *Hood* v. *Adams,* 124 Mass. 481, 483, 484. *Muhlig* v. *Fiske,* 131 Mass. 110, 114.

The present case is clearly distinguishable from *Fall River Savings Bank* v. *Sullivan,* 131 Mass. 537, where it was held that if a purchaser at the foreclosure sale is unable upon tender of the deed to comply with the terms of the sale because financially worthless, the mortgagee may again exercise the power.

*Ordered accordingly.*