FIRST COLONIAL BANK FOR SAVINGS *vs.* ROBERT H.
BERGERON & others.[1]

No. 94-P-176.

Essex. December 9, 1994. - February 14, 1995.

Present: FINE, JACOBS, & PORADA, JJ.*

*Lien. Real Property*, Mortgage. *Mortgage*, Foreclosure, Real estate, Jun-
ior lien. *Bankruptcy*, Discharge.

The holder of a junior lien was entitled to enforce the lien against surplus
proceeds of a foreclosure sale of real estate, and where the surplus pro-
ceeds were less than the amount of the junior lien, the former owners
never acquired any property interest within the meaning of the provi-
sions of 11 U.S.C. § 552 (a), as a result of their filing for and being
discharged from bankruptcy prior to the foreclosure sale. [137-138]
The provisions of G. L. c. 183, § 21, regarding foreclosure sales of real
estate, do not terminate equitable liens in the surplus proceeds as may
be held by junior mortgagees [138], nor do the provisions of G. L.
c. 183, § 27, negate a junior lienor's right to the surplus as a "succes-
sor" or "assignee" [138].
A party to a civil action could not object to the substitution of the real
party in interest for a named defendant for the first time on appeal.
[138-139]
In a civil action, the judge correctly decided a motion for summary judg-
ment based on the pleadings and memoranda of law. [139]

CIVIL ACTION commenced in the Salem Division of the
District Court Department on September 21, 1992.

The case was heard by *Brian R. Merrick*, J., on motions
for summary judgment.

*William Coniaris* for Robert H. Bergeron & another.

*David C. Johnson* for Ford Consumer Finance Company.

PORADA, J. After the First Colonial Bank for Savings had
foreclosed its first mortgage on property belonging to the de-

---

[1]Sherrell L. Bergeron and Ford Consumer Finance Company, Inc.
*Justice Fine participated in the deliberation on this case prior to her
retirement.

fendants, Robert H. and Sherrell L. Bergeron (Bergerons), it filed an interpleader action in the District Court to determine who was entitled to the surplus proceeds from the foreclosure sale. The Bergerons, as the owners of the property, and Ford Motor Credit Company, as a junior mortgagee of the foreclosed property, were named as defendants. Thereafter, Ford Consumer Finance Company, Inc. (Ford), was substituted as a defendant for Ford Motor Credit Company because it became the holder of the junior mortgage as a result of corporate restructuring. Both parties filed motions for summary judgment claiming entitlement to the surplus. The District Court judge allowed Ford's motion and denied the Bergerons' motion. The Appellate Division of the District Court upheld the judgment for Ford and this appeal followed. We affirm.

The principal thrust of the Bergerons' appeal rests on their filing for and being discharged from bankruptcy prior to the foreclosure sale. As a result, they claim that under Federal bankruptcy law the security interest in the real estate granted to Ford prior to their filing of their petition does not carry over to the surplus funds received after the filing of the petition. They rely upon the provisions of 11 U.S.C. § 552(a) (1988), which provides "[e]xcept as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." The Bergerons' reliance upon this provision is misplaced because in the circumstances of this case they never acquired a property interest in the surplus proceeds, which were less than the liens on the property.

Under Federal law, a lien on real estate survives the bankruptcy unaffected by the debtor's discharge in bankruptcy. *Johnson* v. *Home State Bank*, 501 U.S. 78, 83 (1991). *Dewsnup* v. *Timm*, 502 U.S. 410, 417 (1992). The existence and nature of the lien that survives is determined by State law. *Nobelman* v. *American Sav. Bank*, 508 U.S. 324, 329 (1993). Under Massachusetts law, the surplus proceeds of a

foreclosure sale by a first mortgagee pass by equitable lien to junior lienors. *Knowles* v. *Sullivan*, 182 Mass. 318, 319 (1902). *Dennett* v. *Perkins*, 214 Mass. 449, 450-451 (1913). *Pilok* v. *Bednarski*, 230 Mass. 56, 58 (1918). In this case, once First Colonial Bank for Savings foreclosed its first mortgage, it became the trustee of the surplus funds for the benefit of the junior mortgagees. *Dennett* v. *Perkins*, 214 Mass. at 451. *Pilok* v. *Bednarski*, 230 Mass. at 58. The Bergerons would not be entitled to any property interest in the surplus proceeds until Ford's equitable lien was satisfied. Consequently, Ford was properly entitled to enforce its equitable lien on the surplus proceeds.

The Bergerons' other contentions are equally unavailing. They claim that once the first mortgagee foreclosed, Ford's lien was terminated under the statutory power of sale contained in G. L. c. 183, § 21, which provides that a foreclosure sale "shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity." Their reliance on this statute ignores the well established case law that recognizes an equitable lien in the surplus proceeds of a foreclosure sale in junior mortgagees. *Dennett* v. *Perkins*, 214 Mass. at 451. *Pilok* v. *Bednarski*, 230 Mass. at 58. Similarly unpersuasive is their argument that the express omission of junior lienors from the provisions of G. L. c. 183, § 27, negates Ford's right to the surplus. Section 27 requires a foreclosing mortgagee to pay any surplus proceeds to "the mortgagor, or his heirs, successors or assigns." The junior mortgagee, of course, is considered to be a successor or assignee of the mortgagor, and therefore is entitled to surplus proceeds under the statute. See *Krikorian* v. *Grafton Co-op. Bank*, 312 Mass. 272, 274-275 (1942).

Finally, there is no merit to the argument of the Bergerons that summary judgment was improper because Ford was substituted for Ford Motor Credit Company as a party defendant and the judge decided the motion without the benefit of an affidavit from Ford. The Bergerons failed to object to the substitution in the trial court and cannot complain at this

juncture. Moreover, it would appear that Ford was the real party in interest. See Mass.R.Civ.P. 17(a), 365 Mass. 763 (1974). Nor did the trial judge err in deciding the case based on the pleadings and memoranda of law. A motion for summary judgment is not required to be accompanied by an affidavit. Mass.R.Civ.P. 56(a), 365 Mass. 824 (1974).

*Judgment affirmed.*