Meagher, J.
The instant action involves the procurement of a $33,315.93 promissory note. The defendant/appellant, Robert A. Benson, is aggrieved by the trial court’s ruling which granted summary judgment in favor of the plaintiff/appellee, Louis M. Guenin. This appeal raises the issues of whether, in granting summary judgment, the court committed error because the plaintiff/appellee filed some supporting documents unaccompanied by authenticating affidavits and whether the assertion of affirmative defenses, namely duress, relieves the defendant/appellant of obligations incurred in the execution of the promissory note.
After careful review of the issues raised on appeal, we find no error. The defendant/appellant did not demonstrate any genuine issue of material fact which would defeat the plaintiff/appellee’s motion for summary judgment pursuant to Mass. R. Civ. R, Rule 56. Nor do we find, from the undisputed material facts, the existence of an affirmative defense that would qualify as a valid defense under the Massachusetts Uniform Commercial Code.
The Facts
On November 4,1988, Robert H. Norris, Esq., a partner in the law firm of Boyd, MacCrellish & Wheeler (hereinafter “BM&W”), presented a promissory note to the defendant/appellant, Robert A Benson (hereinafter “Benson”) for his signature and execution. The promissory note (hereinafter “Note”) concerned legal debts that Benson had incurred as a result of BM&Ws legal representation of him and of his earlier ventures. The Note was for a principal sum of $33,315.93. It stated on its face that it “evidences indebtedness for professional services rendered to the Maker [Benson] and to business entities formed by him and his wife, excluding those rendered in the matter of John C. Geupel v. Robert Benson, (United States District Court CA No. 88-0655-C).” Benson signed the Note on November 4,1988.[1]
According to the terms of the Note, one half of the principal sum was due on or before October 31,1993 and the balance of the principal sum was payable upon maturity. Benson defaulted on the Note by failing to make payment on or before October 31, 1993. BM&W assigned its legal claims against Benson to the plaintiff/appellee, Louis M. Guenin (hereinafter “Guenin”), including all rights under the Note.
On June 3,1994, Guenin, as assignee of BM&W, brought a complaint with a sin *95 gle cause of action in the Boston Municipal Court Department against Benson for the unpaid $33,315.93.
Benson filed an answer and counterclaim on June 24,1994.
In February 1995, Guenin substituted an amended complaint.
Benson answered and counterclaimed that the Note’s procurement was unfair and deceptive.
On January 25,1996, Guenin filed a motion for summary judgment with some unverified material. Attached to the memorandum in support of the motion were six exhibits, lettered A-F. On February 20, 1996, the trial court heard oral arguments on the matter and reserved judgment. On May 24,1996, the court granted Guenin’s motion for summary judgment, as to liability only, and later dismissed Benson’s counterclaim.
Following a hearing on assessment of damages, final judgment entered on October 21,1997. The case is presently before the Appellate Division on Benson’s expedited appeal pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal.
Discussion
To raise a genuine issue of material fact that would preclude summary judgment, Benson points to several affirmative defenses raised in his amended answer. Benson claims that the circumstances under which the Note was executed on November 4,1988 involved duress, misrepresentation, and lack of consideration. Specifically, Benson asserts that on the day in question, Robert H. Norris, Esq., insisted that he execute the Note in order to assure BM&W’s continued legal representation of him in the pending Federal District Court case and, as such, overcame his free will.
The Massachusetts Uniform Commercial Code, G.L.c. 106 (hereinafter “UCC”), is the controlling authority for promissory notes. The UCC provides that a maker of a promissory note undertakes to pay the instrument according to its terms and conditions. G.L.c. 106, §§3-105 (c) & 3-104. Once the signature is admitted and the promissory note is produced, the holder is entitled to recover on the promissory note unless the defendant establishes a valid defense. G.L.c. 106, §3-307(2).
Duress is considered a “real defense” to the enforcement of a promissory note and may nullify the obligation of an obligor. G.L.c. 106, §3-305(2) (b).
To show economic duress (1) a party ‘must show that he has been the victim of a wrongful or unlawful act or threat, and (2) such act or threat must be one which deprives the victim of his unfettered will.’ 13 Willis-ton, Contracts §1617, at 704 (3d ed. 1970). ‘As a direct result of these elements, the party threatened must be compelled to make a disproportionate exchange of values.’ Id.
International Underwater Contractors, Inc. v. New England Telephone and Telegraph Company, 8 Mass. App. Ct. 340, 342 (1979).[2]
In order to qualify as economic duress and be relieved from the enforcement of a promissory note, the maker must show a high level of oppression. Comment 6, G.L.c. 106, §3-305. An instrument “signed at the point of a gun is void,” and serves as an example of the level of duress necessary to render an instrument invalid. Id. Further, the maker must show that [tjhe assertion of duress ... resulted from ... *96 [the payee’s] wrongful and oppressive conduct and not by [the maker’s] necessities.” International Underwater at 342, quoting W.R. Grimshaw Co. v. Nevil C. Withrow Co., 248 F.2d 896, 904 (8th Cir. 1957).
Benson failed to prove wrongful or oppressive conduct on the part of BM&W in the procurement of the Note. The Note represents a valid obligation for a debt of past legal services. G.L.c. 106, §3-408; see generally Community National Bank v. Dawes, 369 Mass. 550 (1976). Nor did Benson present facts to demonstrate that he lacked viable alternatives to signing the Note on November 4, 1988. Although there existed several alternatives to his signing the Note, Benson did in fact sign the Note and continued to retain legal representation from BM&W. He could have engaged another lawyer for the Federal District Court case, for example. Likewise, BM&W had a legitimate interest in obtaining assurances that it would be paid for the legal services it had already provided to Benson and his ventures. Benson has failed to demonstrate any genuine issue of material fact which would defeat Gue-nin’s motion for summary judgment.
In addition, Benson’s claim of lack of consideration must also be rejected. While the first sentence of G.L.c. 106, §3-408 codifies the defense of lack of consideration, it is also clear that the case at bar presents a situation excepted under this defense. “No consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.” G.L.c. 106, §3-408. The amount of the Note reflects indebtedness for past legal services owed BM&W for various ventures in which Mr. Benson was directly associated. In an attempt to secure payment for those past legal services BM&W sought to have Mr. Benson execute the Note. The case falls within the noted exception of G.L.c. 106, §3-408, and therefore, the Note required no “additional” consideration.
Benson has not demonstrated any facts which would constitute misrepresentation on BM&W’s part in procuring the Note. Misrepresentation that may have induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms is a defense to enforcement of the Note. See G.L.c. 106, §3-305 (2) (c). The burden of proof as to misrepresentation rests on the Note’s maker. Comment 2, G.L.c. 106, §3-307(2); Coupounas v. Madden, 401 Mass. 125, 129 (1987). However, the facts, when presented in the light most favorable to Benson, do not qualify as misrepresentation under the UCC.
With respect to Benson’s allegation that Guenin’s motion for summary judgment was procedurally defective, Benson asserts that the motion did not provide affidavits of authenticity. Specifically, Benson argues that Guenin’s thirty (30) page memorandum and the six (6) exhibits in support thereof, lettered A through F, were unverified and unaccompanied by affidavits as to factual assertions and authentication. Benson does not object to the admission of Exhibits A, B, C and E.[3] However, Benson claims that Exhibits D and F, representing excerpts of his own deposition and a letter from Robert H. Norris, Esq., to him, dated March 30, 1987, respectively, required authenticating affidavits. It is important to note that Benson does not contest the authenticity of his deposition, but merely the fact that the excerpts were not supported by authenticating documentation.
A motion for summary judgment is not required to be accompanied by an affidavit. Mass. R. Civ. R, Rule 56(c). Specifically, Rule 56(c) provides that no *97 affidavit of authentication is required as to pleadings, depositions, answers to interrogatories, and admissions.[4] In addition, Rule 56(a) provides that a party moving for summary judgment “may ... move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.” A trial judge does not err in deciding a case based on the pleadings and memoranda of law. First Colonial Bank for Savings v. Bergeron, 38 Mass. App. Ct. 136, 139 (1995). Nor does Mass. R. Civ. R, Rule 56 require that a deposition be accompanied by an affidavit. As counsel for Guenin noted, “it is no more the practice in the courts of the Commonwealth to file an affidavit authenticating a deposition than to file an affidavit authenticating an affidavit.”[5]
As to Exhibit F, Benson objects to the lack of an affidavit authenticating a letter dated March 30,1987 from Robert H. Norris, Esq., to Benson. Since the letter was not an actual exhibit to the deposition, a party relying on the letter would have needed to authenticate it by an affidavit. However, Benson did not object to the introduction of the March 30,1987 letter at oral argument. Nor has Benson ever asserted that the letter is not authentic. “We see no point in remanding this case to permit... [Guenin] to file an affidavit stating the very thing that... [Benson] has conceded, namely that the document is what it purports to be.” Cerqueira v. Cerqueira, 828 F.2d 863, 865 (1st Cir. 1987).
In addition, Exhibit F, in and of itself, does not raise any genuine issue of material fact for the trial court to consider.[6] Assuming arguendo, that the admission of Exhibit F was erroneous due to the lack of an authenticating affidavit, it is clear that the trial judge possessed sufficient information to grant the motion for summary judgment based on the pleadings and the memoranda of law. See First Colonial Bank for Savings at 139 (a trial judge does not err in deciding a case based on the pleadings and memoranda of law).
Standard of Review
Summary judgment should be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass. R. Civ. R, Rule 56; see generally Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating both the absence of triable issues and its entitlement to a judgment in its favor. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). In reviewing a grant of summary judgment, the court must decide whether, viewing the evidence in the light most favorable to the nonmoving party, i.e., Benson, all material facts have been established and the moving party is entitled to a judgment as a matter of law. Augat Inc. v. Liberty Mutual Ins. Co., 410 Mass. 117, 120 (1991).
As to promissory notes, actions to enforce them are especially suited to summary disposition. U.S. Trust v. Herriott, 10 Mass. App. Ct. 313, 320 (1980). An order upholding summary judgment will be upheld if certain factors converge to convince the reviewing court that the trial judge was ruling in the case on undisputed facts and that his ruling was correct as a matter of law. Community *98 National Bank v. Dawes, 369 Mass. 550, 556 (1976).[7] The holder is entitled to summary judgment under G.L.c. 106, §307 (2) if the defendant does not present facts sufficient to bolster some valid defense and demonstrate some genuine issue of material fact warranting a trial. Norfolk County Trust Co. v. Vichinsky, 5 Mass. App. Ct. 768 (1967).
We conclude, therefore, on the basis of the undisputed issues of material fact, that the granting of summary judgment was appropriate on the issue of Benson’s liability. We find no error by the trial judge and affirm the granting of summary judgment and the damages as assessed by the trial court. Accordingly, we hereby affirm the judgment for the plaintiff/appellee.

 Sometime prior to signing the Note on November 4, 1988, Benson made arrangements for BM&W to defend him in the case of John C. Geupel v. Robert Benson, (United States District Court C.A No. 88-0655-C). The Federal District Court subsequently dismissed that case on February 2, 1989. Geupel v. Benson, 704 F. Supp. 312 (D. Mass. 1989).

 Further, the elements of economic duress have also been described as follows: (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party.” International Underwater Contractors, Inc. v. New England Telephone and Telegraph Company, 8 Mass. App. Ct. 340, 342 (1979).

 Exhibits A, B, C, and E to Plaintiff’s memorandum consist of, respectively, the Note, Defendant’s answer to the first amended complaint, Defendant’s answers to Plaintiff’s request for admissions, and a letter from Plaintiff to Defendant, dated November 3,1993.

 Mass. R. Civ. R, Rule 56(c) provides, in pertinent part, that [j]udgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”

 See Plaintiff/Appellee’s Brief A p. 14.

 Moreover, the validity of the Note is governed by the provisions of the UCC and, as such, the validity of the Note is independent of Exhibit F. See G.L.c.106, §3-101, et seq.

 The factors mentioned are that (1) no genuine issue of liability on the note has been raised through pleadings and affidavits; and (2) the non-moving party has not presented enough countervailing details to demonstrate that material facts exist which, if taken as true, entitle the non-moving party to a jury determination of liability on the instrument. Community National Bank v. Dawes, 369 Mass. 550, 556 (1976).