JORDANY DELVA *vs.* BRIGHAM AND WOMEN'S HOSPITAL, INC.

No. 07-P-1128.

Suffolk. June 12, 2008. - October 3, 2008.

Present: CYPHER, COHEN, & FECTEAU, JJ.

*Anti-Discrimination Law,* Prima facie case, Age, Race. *Employment,* Discrimination.

In a civil action alleging discrimination in employment on the basis of age, race, and color, the judge properly granted summary judgment in favor of the defendant employer, where the plaintiff employee failed to demonstrate that he would be able to prove, as part of his prima facie case, that the defendant sought to fill the position at issue by hiring another individual with qualifications similar to the plaintiff's, in that, even assuming that the plaintiff was qualified for the position, his qualifications were not similar, i.e., roughly equivalent, or more or less comparable, to those of the successful candidate. [767-772]

CIVIL ACTION commenced in the Superior Court Department on April 12, 2005.

The case was heard by *Robert C. Cosgrove,* J., on a motion for summary judgment.

*David W. Downes* for the plaintiff.

*Jeffrey A. Dretler (Joshua Abrams* with him) for the defendant.

FECTEAU, J. The plaintiff, Jordany Delva, appeals from the allowance of summary judgment in favor of his employer, the defendant Brigham and Women's Hospital, Inc. (hospital), dismissing his complaint for discrimination on the basis of age, race, and color in violation of G. L. c. 151B, § 4(1) and (1B). Delva alleges that the discrimination occurred when the hospital hired another to fill its open position for a "painter/plasterer."[1,2]

_____

[1] As is required before suit may be instituted in court, Delva first filed a claim with the Massachusetts Commission Against Discrimination, which was dismissed for lack of probable cause.

[2] At the time of the adverse decision, late 2002, Delva, a naturalized American

On our review of the record, we agree with the motion judge that Delva's case failed at the first stage of the familiar order of proof used in cases involving indirect evidence, see *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. 130 (1976), and affirm.

1. *Factual background.* The undisputed facts in the record before the motion judge are these. The hospital posted a job opening for a "painter/plasterer." The three-page official job description listed two "qualifications": (1) the ability to read, write, and follow oral and written instructions; and (2) one to two years' experience in a related job. Other sections described in detail the "principal duties and responsibilities" of the position and the "skills and abilities required." As relevant herein, the first paragraph of the latter section provided that the candidate "[m]ust have the ability to apply even coats of paints, varnishes and so forth by use of brushes, rollers and spray compressors neatly and efficiently . . . [and] to mix plaster and retardant and to evenly and skillfully apply plaster to a variety of surfaces and pipes."

Walter Gleeson, the supervisor of the hospital's mechanic's shop, and his supervisor, Colin MacLachlan, the assistant director of engineering services, interviewed all candidates for the painter/plasterer position. The ultimate hiring authority rested with George Player, the director of the hospital's engineering services department. On the interviewers' recommendations, Player hired Alan Browne, a full-time painter and foreman by trade with over twenty-three years of residential and commercial experience. Browne's work history included an apprenticeship in painting, owning his own painting business, and supervising all painting for a construction company. Delva, on the other hand, was trained as a maintenance mechanic and had worked at the hospital in that role for the last eighteen years.

2. *Discussion.* Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass. R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). *Cassesso* v.

citizen born and raised in Haiti, was sixty-one years old, black, and a long-time employee of the hospital. The successful candidate, Alan Browne, was forty-two years old, Caucasian, and from outside the employ of the hospital.

*Commissioner of Correction*, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. *Pederson* v. *Time, Inc.*, 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his or her case at trial. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). Courts must read the summary judgment material in the light most favorable to the nonmoving party. *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. 437, 438 (1995). "[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." *LaLonde* v. *Eissner*, 405 Mass. 207, 209 (1989).

Where the ultimate question is the employer's state of mind, which requires a finding dependent on circumstantial evidence, summary judgment is usually disfavored. *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, *supra* at 439. As the court stated in *Blare, id.* at 440, "However, summary judgment is not always inappropriate in discrimination cases. Where a defendant's motion for summary judgment demonstrates that the plaintiff's evidence of intent, motive, or state of mind is insufficient to support a judgment in plaintiff's favor, we have upheld summary judgment in favor of defendants." See *Lewis* v. *Area II Homecare for Senior Citizens, Inc.*, 397 Mass. 761, 770 (1986); *McKenzie* v. *Brigham & Women's Hosp.*, 405 Mass. 432, 437-438 (1989); *Brunner* v. *Stone & Webster Engr. Corp.*, 413 Mass. 698, 705 (1992).

The judge here granted summary judgment in favor of the hospital on the ground that, in the absence of direct evidence of a discriminatory basis for the decision to hire another, Delva failed to show that he would be able to prove a prima facie case of employment discrimination under the familiar three-stage framework adopted in *Wheelock College* v. *Massachusetts Commn. Against Discrimination*, 371 Mass. at 138-139. While the defendant did not dispute that Delva satisfied the first three of the four elements required in the first stage in a failure to hire case, namely,

"that (1) [the plaintiff] is a member of a class protected by the State discrimination statute, (2) [the plaintiff] applied for an open position, (3) [the plaintiff] was not selected," the judge decided, on the record before him, that Delva would be unable to prove the fourth element, that "(4) [the plaintiff's] employer sought to fill the position by hiring another individual with qualifications similar to [his]." *Wynn & Wynn, P.C.* v. *Massachusetts Commn. Against Discrimination*, 431 Mass. 655, 665 n.22 (2000).[3]

Delva contends that the motion judge improperly granted summary judgment to the hospital because, based on his alleged accumulation of "1-2 years experience in a related job" as required in the "qualifications" section of the job description, he was qualified for the position. Delva argues that it was sufficient that he met the two job requirements listed in this section.[4] In other words, he contends, without citation to any supporting authority, that since both candidates met such minimum qualifications, they were both similarly qualified and the relevant inquiry must end there.[5] Such a position appears neither logical nor supported by any view of the facts or the law.

Even assuming that Delva was qualified for the position, we disagree that the hospital "sought to fill the position by hiring another individual with qualifications similar to [his]." *Wynn & Wynn, P.C.* v. *Massachusetts Commn. Against Discrimination*, *supra*. See *Sullivan* v. *Liberty Mut. Ins. Co.*, 444 Mass. 34, 41 (2005) (setting out elements of prima facie case for discriminatory termination). See also *Goldman* v. *First Natl. Bank*, 985 F.2d 1113, 1117 (1st Cir. 1993) (plaintiff alleging discriminatory

---

[3]Given our decision, we need not address the judge's additional ruling that the hospital produced credible evidence of a legitimate, nondiscriminatory reason for the hiring decision, but that Delva would be unable to prove that the hospital's hiring of another, better qualified individual was a pretext.

[4]There was no dispute that Delva met the first listed "qualification."

[5]As noted above, other sections of that job description set forth in detail the "principal duties and responsibilities" and "skills and abilities required" of a painter/plasterer, which would be relevant to such an inquiry. Moreover, the job description specifically indicated that the statements within only were "intended to describe the general nature and level of work being performed" and should not "be construed as an exhaustive list of all responsibilities, duties, and skills required." Finally, Delva relies upon the "principal duties and responsibilities" section of the job description of his own position as a maintenance mechanic to establish his qualifications for the painter/plasterer position.

termination must show that he "was replaced by a person with roughly equivalent job qualifications"); *Gu* v. *Boston Police Dept.*, 312 F.3d 6, 11 (1st Cir. 2002) (successful candidate had "significantly different qualifications than either plaintiff"); *Rathbun* v. *Autozone, Inc.*, 361 F.3d 62, 74 (1st Cir. 2004) (plaintiff alleging discriminatory failure to promote must show "that the position[s] were filled by others whose credentials were more or less comparable to hers"). Similarly, in the third stage of a disparate treatment case, when identifying other employees to whom he or she is similarly situated, the plaintiff must put forth evidence concerning the hired applicant's qualifications. *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 129-130 & n.4 (1997) (adopting approach taken by Federal courts). Viewing this element in light of the above, we reject Delva's argument that he could make a prima facie case for discrimination without regard to the degree of his qualifications as compared to those of Browne.[6]

On the undisputed facts in the summary judgment record, no jury could reasonably conclude that Delva's qualifications were similar, i.e., roughly equivalent, or more or less comparable, to those of Browne. Browne's resume, which was objectively stronger than that of Delva in terms of relevant painting and plastering experience, highlighted his many specific skills and abilities. He indicated having the ability to plaster, patch, drywall tape, skim coat, and spray paint. These skills were exactly those that were sought by the hospital, as evidenced by the job description. In addition, Browne's superior knowledge and ability and lack of any apparent weakness were reflected in the interviewers' written evaluations and comments. Browne also conveyed additional information to his interviewers that did not appear on his resume, such as his familiarity with different types of applications and mixing colors and tints.

By contrast, Delva's experience and knowledge of the trades of painting and plastering fell far short of Browne's, especially as revealed to Gleeson and MacLachlan.[7] As he admitted, Delva

[6]Neither of the parties cited any case defining or interpreting the phrase "similarly qualified" as it applies in this element of the first stage of the framework. In any event, counsel for both parties expressed satisfaction with use of the phrase "roughly equivalent" as a suitable definition.

[7]We assume, without deciding, that it is appropriate to evaluate whether

either did not have some of the basic skills and abilities required, or led his interviewers to believe that such experience was seriously lacking.[8] The sum total of painting experience listed on Delva's resume was "Engineering Mechanical Room, freelance painting at various residences." His painting work at the hospital was one of twelve listed principal duties and responsibilities of his maintenance mechanic position, taking up three to five hours on average of his forty-hour work week.[9] That painting work ended in 2000 and never involved painting in public areas. Delva's "freelance painting" consisted only of painting for a friend and painting and maintaining a three-floor residence that he co-owned with his former wife.

Having failed to meet his burden under Mass.R.Civ.P. 56 to

---

Delva and Browne were similarly qualified based on the information of which Gleeson and MacLachlan were or should have been aware. To that end, Delva asserts that, by virtue of the interviewers' knowledge of his work as a maintenance mechanic and the duties of that position, it should be assumed that these interviewers were aware of certain of Delva's qualifications. Considering that both interviewers worked the day shift, and that neither had seen Delva, who worked on the second shift, paint, we reject Delva's contention that they should have assumed he possessed all of the qualifications in his job description, especially those which he effectively disclaimed in the interview.

[8]Delva admitted that when asked during the interview about various painting techniques and substances, he indicated to Gleeson and MacLachlan that he had no knowledge of, or familiarity with, the following: a coat of paint, polyurethane, varnish, spray painting with compressors, or skim coating. He also told them that he could not mix paint (one of the three items listed in the "qualifications" section of the job posting and one of the "principal duties and responsibilities" listed on the job description), and that his spray painting experience was "cleaning home radiators," as opposed to the requisite experience of spray painting with compressors.

In addition, Delva argues that it was error to consider the ability to use a spray compressor when evaluating whether candidates were similarly qualified because he, a maintenance mechanic who worked the night shift, had never seen a hospital painter/plasterer, concededly a day shift employee, use a spray compressor. Regardless, the objective evidence established that the hospital listed experience with spray compressors as a required skill of the position and his lack of witnessing the use of this equipment was not adequate to establish a genuine issue of material fact whether compressors were used by the hospital painter/plasterers or whether skill and experience with spray compressors was an essential requirement of that job.

[9]According to the defendant, his painting experience at the hospital consisted of painting a red line around the concrete housing of electrical motors or pumps, painting walls, offices, and IV poles, and applying epoxy to the floor in the mechanical room and the hallway in the engineering area.

produce evidence that would eliminate one of the most common explanations for the failure to hire decision, Delva was not entitled to a presumption of discrimination raised by the establishment of the prima facie case. See *Abramian* v. *President & Fellows of Harvard College*, 432 Mass. 107, 116 (2000), quoting from *Blare* v. *Husky Injection Molding Sys. Boston, Inc.*, 419 Mass. at 441 ("The prima facie case 'eliminates the most common nondiscriminatory reasons for the plaintiff's rejection,' which are lack of competence and lack of job availability, and thereby creates a presumption of discrimination"). Accordingly, the judge's allowance of summary judgment for the defendant was proper.

*Judgment affirmed.*