Williams, PJ.
The plaintiff, John McGrath, III (“McGrath”), an employee of the defendant, ACT, Inc. (“ACT”), claimed ACT did not pay him “prevailing” wages as required under the so-called prevailing wage law, G.L.c. 149, §27, for his work on public projects. ACT and its principal, Mark J. Svizzero (“Svizzero”),[3] secured summary judgment on the ground that ACT was not obligated to pay McGrath a prevailing wage rate even if one applied to his work because ACT’s municipal customers had set no such rate for the projects on which McGrath worked, and the statute places no duty on such employers as ACT to solicit or otherwise establish such rates. McGrath appeals the allowance of the motion. We find that, under the circumstances here, ACT and Svizzero were entitled to summary judgment, and so dismiss the appeal.
The standard of our review of the allowance of a motion for summary judgment, which is de novo, see Howell v. Enterprise Publ. Co., LLC, 72 Mass. App. Ct. 739, 741 (2008),[4] is familiar. We must determine “whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Kennie v. Natural Resource Dep’t of Dennis, 451 Mass. 754, 759 (2008), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). “[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in [rule] 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Howell, supra, quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To defeat the motion, the opposing party may not rest upon his pleadings or *258 bare assertions, but must show through the presentation of specific facts by admissible evidence that a factual dispute exists. E.g., Delva v. Brigham & Women's Hosp., Inc., 72 Mass. App. Ct. 766, 768 (2008).
McGrath worked for ACT, of Holbrook, as a heating, ventilation, and air conditioning technician in several municipal buildings, including town offices and libraries, at various times from 2001 through April, 2007. ACT performed work for its municipal customers either under a standard ACT service contract or on an hourly basis set orally. Although ACT’S contracts provided that repairs would be governed by “prevailing labor and material rates,” the uncontroverted evidence as to the intended meaning of that phrase was Svizzero’s affidavit explaining that it did not refer to G.L.c. 149, but merely signified ACT’S then-existing rates. During the relevant time, ACT did not bid any such work as a prevailing wage job, and none of ACT’S municipal customers advised ACT that G.L.c. 149 applied to ACT’S work. As far as ACT knew, none of its municipal customers had requested that any state agency determine the statutorily required wage for any job on which ACT worked.
Section 27 of G.L.c. 149 spells out the duties of parties involved in the procedure establishing public “prevailing” wage jobs. Significantly, the statute does not describe any duty in that process on such an employer as ACT. The onus is on the public bodies and the Department of Labor (“DOL”). Before a public body (here, a municipal customer) awards a public works contract, it must submit to DOL a list of the jobs upon which workers such as mechanics and laborers are to be employed and to request DOL to determine the rate of wages to be paid on each job. Id. DOL, pursuant to G.L.C. 149, §26, must then determine those wages and furnish the public body with a schedule of them, which schedule must appear in advertising or bid solicitations, and is made part of any project contract. Id. §27. The uncontroverted evidence here is that none of ACTs municipal customers adhered to any aspect of these statutory mandates.
In allowing summary judgment, the motion judge found that McGrath’s action presented no material issues of fact and that “the prevailing wage statute does not apply to a private employer when there has been no request by the municipality to establish a prevailing rate for contracted work.”
McGrath would hold up two items of evidence that he suggests create issues of material fact, thereby precluding summary judgment. The first is a reply letter from a deputy general counsel of the Department of Occupational Safety (“DOS”) to a letter from the organizer of the local pipefitters’ union inquiring about the applicability of G.L.c. 149, §§26 and 27 to work McGrath had performed. That DOS letter opined that McGrath’s work, as described, constituted activities covered by the prevailing wage law. But even if that unauthenticated letter were considered by the motion judge — as properly it could have been since ACT neither objected to it, nor questioned its authenticity, see Guenin v. Benson, 1999 Mass. App. Div. 94, 97 — and even if that DOS opinion were probative,[5] it does not create a dispute of mate *259 rial fact regarding ACT’S duty, if any, in establishing and honoring an applicable wage rate. (Indeed, that McGrath’s work would fall within the ambit of the statute seems not to have been contested.) Stated another way, the letter does not address either of ACT’S positions: that none of its municipal customers had set a prevailing wage rate and that, as an employer, ACT was not statutorily charged to do anything to set such a rate.
Secondly, McGrath, noting that ACT’s contracts refer to “prevailing labor and material rates,” challenges Svizzero’s affidavit with the argument that “[t]here has been no time for discovery to challenge the allegations made by Mr. Svizzero, particularly regarding what he did or did not receive from the municipalities ACT contracted with, what was said or not said to him, and whether language in ACT, Inc.’s contract was interpreted by the municipalities as Mr. Svizzero asserts.” The flaw in that argument is that Mass. R. Civ. P., Rule 56(f) expressly provides a party opposing a summary judgment motion the opportunity to pursue discovery. That party, though, must submit an affidavit showing why he is not in a position to present specific facts justifying his opposition. The motion judge may then, of course, continue the summary judgment motion to allow discovery.[6] A party failing to invoke Rule 56(f) waives his right to further discovery before the court rules on the motion. Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003). The record does not reveal that McGrath took any steps under Rule 56(f). He thus waived his right to conduct discovery.
Even if an absence of disputed facts is established, a party moving for summary judgment must still establish it is entitled to judgment “as a matter of law.” Mass. R. Civ. R, Rule 56(c). See Donovan v. Mahoney, 2008 Mass. App. Div. 41, 42. McGrath leans heavily on Perlera v. Vining Disposal Serv., Inc., 47 Mass. App. Ct. 491 (1999) for the proposition that even when a contract fails to recite that the prevailing wage law applies, an employer must ensure that its employees performing applicable labor receive the prevailing wage. But Perlera turned on G.L.c. 149, §27F, which is inapplicable here. Perlera explicitly set out to decide whether §27F — which invalidates contracts that lack a stipulation requiring prescribed rates of wages — applied to the trash collectors in that case. Id. at 492. Section 27F concerns only contracts “under which a truck or any automotive or other vehicle or equipment is to be engaged in public works.”[7] Perlera analyzes three terms used in §27F, clearly favoring an expan *260 sive interpretation of them; but nothing in Perlera, even with a generous reading, persuades this Division to conclude that the only one of those terms colorably applicable here — “equipment” — could be stretched to cover McGrath’s work. Although the Legislature mandated the voiding of nonconforming contracts and afforded aggrieved employees substantial remedies, it did so in §27F, §27G (employees of moving contractors), and §27H (employees of cleaning and maintenance contractors), and not generally in c. 149. McGrath’s situation is not among those covered in these sections.
The appeal is dismissed.
So ordered.

 “The president and treasurer of a corporation and any officers or agents having the management of such corporation shall also be deemed to be employers of the employees of any corporation within the meaning of sections 26 to 27B, inclusive.” G.L.C. 149, §27.

 “[W]e owe no deference to the [motion] judge’s decision because it is a ruling of law and involves no credibility or evidentiary determinations.” Boone v. Commerce Ins. Co., 451 Mass. 192, 195 (2008).

 The “determination” of a deputy director of an agency is entitled to deference. Teamsters Joint Council No. 10 v. Director of the Dep’t of Labor & Workforce Dev., 447 Mass. 100, 106 (2006). What deference, if any, the opinion of staff counsel is entitled to is unknown.

 ‘To withstand a summary judgment motion, the nonmoving party [utilizing Rule 56(f)] ... must show that ‘the information sought would have raised a material factual question.’” Alphas Co. v. Kilduff, 72 Mass. App. Ct. 104, 109 (2008), quoting Blake Bros. Corp. v. Roche, 12 Mass. App. Ct. 556, 560 (1981). Additionally, that party must show “to the best of his ability what facts are within the movant’s exclusive knowledge or control; what steps have been taken to obtain the desired information pursuant to the discovery procedures under the Rules; and that he is desirous of taking advantage of these discovery procedures.” Id. at 109-110, quoting 6 MOORE’S FEDERAL PRACTICE par. 56.24, at 1432 (2d ed. 1979).

 The superior court finding that McGrath cited, Cox v. T.S. Truck Servs., Inc., Worcester Superior Court, No. 991602 (Aug. 23, 2005), also concerned G.L.c. 149, §27F.